QUINN *v.* TOLLE et al., Trustees et al.

[No. 291, September Term, 1957.]

644

*Decided July 2, 1958.*

*Motion for rehearing filed July 28, 1958, denied September 16, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Lawrence E. Ensor* and *William S. Townsend,* for appellants.

*Johnson Bowie* for appellees Milton Tolle, et al., Trustees and Christian H. Kahl, contract purchaser.

No brief and no appearance for appellee, Board of Zoning Appeals of Baltimore County.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order reversing an order of the Board of Zoning Appeals of Baltimore County, dated January 18, 1957, which had denied an application for reclassification of a tract containing about 30 acres of land from an R.6 zone to an R.20 zone and for a special exception to use the property for a drive-in theatre. The appellants intervened in the case and vigorously opposed the application. The appellants contend that the evidence did not justify a change in classification from one zone to the other, that the evidence did not justify the granting of a special exception, that the trial court substituted its judgment for that of the Zoning Board, and that there was no evidence to show that the Board's action was arbitrary or capricious.

The tract in question has a frontage of 60 feet on the east side of Belair Road, a four-lane highway with no sidewalks, and there are residences on each side. The Board's action was based on the fact that the whole district is, and has been, residential, with homes, a school and a large church in close proximity, that the proposed use would result in noise, bright lights and disturbance, and create a traffic hazard on a heavily traveled road. It is conceded that the property in question was properly zoned in the first instance, but the appellees claim that there has been a change in conditions, in that there is a tract across the road which was zoned Light Industrial in 1955, another tract, south of the subject property, which was zoned Business Major in 1956, and another tract zoned Business Local in 1956. None of these changes appears to have been opposed by local residents, and there was testimony that they did not change the character of the neighborhood to any appreciable extent. All of the other property in the entire neighborhood is zoned R.6.

In order to obtain the special exception applied for, it was necessary to first obtain a zoning reclassification. It is conceded that under the zoning laws of Baltimore County, a drive-in theatre is not permitted in an R.6 zone, but is only permitted in R.20 and R.40 zones, and in a Business Roadside Zone. It appears that there is no present classification in the entire area where a drive-in theatre could be permitted under the zoning laws. It seems clear that the sole purpose of the proposed reclassification to R.20 was to pave the way for the granting of the special exception. There is no suggestion that the original classification of R.6 was improper, or that a change to R.20 was necessary or appropriate, standing alone. Cf. *Board of Zoning Appeals of Baltimore Co. v. Bailey*, 217 Md. 536. In the light of these facts, we think the argument as to a change of conditions loses much of its force, since none of the changes relied on was to a zone where the proposed use could be permitted. We think the finding of the Board that the area is still "essentially a residential district" is fully supported by the evidence. We do not reach the question as to traffic hazards, which gave the trial court "the greatest concern", and on which it found con-

trary to the finding of the Board. Nor do we reach the question whether the grant of the special exception would seriously affect the operation of the church and school, to which much of the testimony was directed. It is sufficient for present purposes to say that the appellees did not meet the burden of showing such a change in the character of the neighborhood as to require or justify a reclassification. It is well settled that the court's function in reviewing the Board's action is restricted and its scope is narrow. *Wakefield v. Kraft,* 202 Md. 136, 141; *Kroen v. Board of Zoning Appeals,* 209 Md. 420, 426; *Erdman v. Board of Zoning Appeals,* 212 Md. 288, 294; *Missouri Realty v. Ramer,* 216 Md. 442. If the question is fairly debatable the Board's action must be affirmed, and we think it was.

No question is presented in this appeal as to whether the Board's action was ripe for determination by the trial court, on certiorari, in the absence of action by the County Council, for the reason that such action is not required, except where there is a final order of the Zoning Commissioner, or of the Board on appeal, granting a reclassification or other change. Thus, we do not reach the question left open in *County Council of Baltimore Co. v. Egerton Realty, Inc.,* 217 Md. In that case the question of approval or disapproval by the Council was raised in an action of mandamus to require approval, and not by way of certiorari.

> *Order reversed and case remanded,*
> *costs to be paid by the appellants.*