## BALTIMORE COUNTY ET AL. *v.* MISSOURI REALTY, INC.

[No. 164, September Term, 1958.]

*Decided February 17, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and OPPENHEIMER, Judge of the Supreme Bench of Baltimore City, specially assigned.

*Walter R. Haile,* with whom was *Francis T. Peach* on the brief, for appellants.

*Francis D. Murnaghan, Jr.,* with whom were *Russell R. Reno, Jr.,* and *Venable, Baetjer & Howard* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In July, 1956, Missouri Realty, Inc., sought a reclassification in the zoning of its twenty-six acre tract of land from

R. 6 (cottage or semi-detached) to R. G. (group housing). The application was granted by the Zoning Commissioner and affirmed by the County Board of Appeals. On appeal, the Board's action was reversed by the Circuit Court for Baltimore County, but that action was in turn reversed by this Court. *Missouri Realty, Inc. v. Ramer,* 216 Md. 442. An order affirming the action of the Board of Appeals was duly entered in accordance with the mandate of this Court. Thereafter, the County Solicitor ruled that the reclassification would become final and effective only upon approval by the County Council. The County Council, however, refused to act upon the merits of the reclassification, taking the position that the reclassification became final upon affirmance in judicial review, and that it was not properly subject to approval, or disapproval, by the County Council. Because of the disagreement between County officials as to the finality of the court order, the appellee was unable to secure approval of its subdivision plat, execution of a public works agreement, or issuance of building permits, and hence was unable to develop its land under the R. G. classification. To resolve the impasse, the appellee brought its present bill seeking a declaration that the land was rezoned R. G. without any action by the County Council, or, in the alternative, a decree requiring the Council to act. After answer and hearing, at which the facts were stipulated, the court decreed that the reclassification was valid without further action by the Council, and granted appropriate injunctive relief. All of the defendants, except the County Council, appeal.

The appellants rely strongly upon the case of *Baltimore County v. Egerton Realty,* 217 Md. 234. That was an action of mandamus to compel the Council to approve a reclassification made by the Zoning Commissioner, from which no appeal had been taken. The Council declined to approve the reclassification, despite the opinion of the County Solicitor that it had no power to disapprove, but only to approve *pro forma,* the action taken, under Code of Public Local Laws of Baltimore County (1955 ed.), sec. 532 (c), and sec. 500.2 of the Zoning Regulations. We held that the language of the statute, repeated in the Regulation, providing that a change in

boundaries of a zoning district should not "become effective and binding until it shall have been approved in writing by the County Commissioners", implied the power to disapprove, that the power to approve, or disapprove, called for the exercise of judgment and discretion, and that the mandamus would not lie. We did not pass upon the question now presented, as to the powers of the Council after a decision by the Board of Appeals and judicial review.

The provisions of sec. 532 (c) of the statute and sec. 500.2 of the Regulations only apply to a situation where there has been no appeal from the granting of a reclassification by the Zoning Commissioner. The Board of Zoning Appeals set up under sec. 532 (f) of the statute is authorized to hear appeals from any decision of the Zoning Commissioner. Sec. 532 (g) provides a further appeal, by way of certiorari, to the Circuit Court, to review a decision of the Board of Zoning Appeals, and provides that upon denial of an application for reclassification, no subsequent application for reclassification of the same property shall be filed within 18 months from the final order denying the prior application. Sec. 532 (h) provides for a further appeal to this Court. Nowhere in the statute is there any provision equivalent to the language above quoted, for approval by the County Commissioners after review by the Board of Zoning Appeals or by the courts. As pointed out in *Murray v. Director of Planning*, 217 Md. 381, 385, zoning in Baltimore County has been accomplished under the local law contained in sec. 532, and not under the State Enabling Act, Art. 66B of the Code of Public General Laws. Sec. 500.3 of the Regulations, however, provides that if the Board of Zoning Appeals upon appeal shall order a reclassification denied by the Zoning Commissioner, the latter shall "then forthwith submit said reclassification to the County Commissioners * * * and upon their written approval thereof the said reclassification shall become effective and binding * * *." But there is no equivalent language in the Regulations with reference to an order of the Board of Zoning Appeals that has been judicially reviewed. It may also be noted that sec. 501.6 of the Regulations provides that appeals from the Zoning Commissioner shall be heard by the Board

of Zoning Appeals *de novo*. Where a case is tried and decided *de novo*, there is technically an independent decision and judgment and not merely an affirmance. *Moulden v. State*, 217 Md. 351, 355. Sec. 532 (h) of the statute specifically states that, on judicial review, the court shall have power to affirm the "decision of the Board of Zoning Appeals." There is no statutory provision for review of any action by the County Commissioners.

Whatever the scope and meaning of sec. 500.3 of the Regulations, to which we referred casually in the *Egerton* case, *supra*, and in *Quinn v. Tolle*, 217 Md. 643, 646, it has no application to a situation where there has been a judicial review of the Board's action. Upon the facts of the instant case, we find nothing in the Statute or Regulations to indicate that approval by the Council, as successor to the County Commissioners, is required after judicial review. Such a construction would be at odds with the traditional doctrine of exhaustion of administrative remedies before resort to the courts, and the doctrine that courts review only final decisions and do not render advisory opinions. If the Council has the power to approve, or disapprove, after judicial review, the matter might be further litigated under a claim that its action was arbitrary, invoking the inherent power of courts to pass upon such a question. *Kracke v. Weinberg*, 197 Md. 339; *Fuller v. County Comm.*, 214 Md. 168, 172. Moreover, a legislative requirement of judicial consideration of a question when the court's decision would be either advisory to a legislative body or subject to retroactive legislative revision, might raise serious Constitutional questions. It is a general rule that a construction of a statute, giving rise to doubts as to its constitutionality, should be avoided if the language permits. *Barrett v. Clark*, 189 Md. 116, 127.

While strongly urging the construction of the local law suggested, the appellee contends that the case is even clearer under the provisions of the Home Rule Charter, and that the case is really controlled, not by sec. 532 of the local law, but by the Charter adopted November 6, 1956, under Article XI-A of the Maryland Constitution. Among the express powers granted by Code (1957), Art. 25A, sec. 5 (U), was

the power to create, by local law passed by the Council, a County Board of Appeals, with the power to decide among other matters: "An application for a zoning variation or exception or amendment of a zoning ordinance map." It provides for judicial review and closes with the sentence: "The review proceedings provided by this subsection shall be exclusive." In the *Egerton* case, *supra,* it was conceded that the pre-existing local law, rather than the Charter, was applicable, probably because, as in the instant case, the application for reclassification had been made before the effective date of the Charter, December 6, 1956. It was also conceded in the *Egerton* case that the Council had not rescinded or altered in any respect the powers previously conferred upon the Zoning Commissioner and the Board of Zoning Appeals.

The appellants point to sec. 523 of the Charter, providing that "All plans and maps * * * adopted, amended or repealed by the Office of Planning and Zoning * * * shall, prior to taking effect as law, be approved by ordinance of the County Council." Obviously, this refers to the general, comprehensive zoning. But the section further provides that "All reclassifications and all orders of the Zoning Commissioner may be appealed in the manner provided in Article VI of this Charter and not otherwise." Sec. 602 (a) provides that the County Board of Appeals shall supplant the Board of Zoning Appeals, and that "In all cases, the order of the County Board of Appeals shall be final unless an appeal be taken therefrom in the manner provided in Section 604 * * *." Sec. 603 provides that hearings before the Board shall be *de novo*. Sec. 604 provides for appeal to the Circuit Court, and to this Court, and concludes with the sentence: "The review proceedings provided by this section shall be exclusive." We find it unnecessary to decide whether the provisions of the Charter or the local law are applicable, because we find in neither, language to support a contention that, after judicial review, the finality of an order of the Board is contingent upon approval or disapproval by the County Council.

The appellants argue that such a construction is untenable, because the action of the Board, whether judicially reviewed

or not, is of no legal effect until confirmed by the Council. The argument is that reclassification is a legislative function which cannot be delegated to an administrative agency. It has long been established in Maryland that the mere fact that the power is legislative does not prevent its delegation. See *M. & C. C. of Balto. v. Biermann*, 187 Md. 514, 522, and *Marino v. City of Baltimore*, 215 Md. 206, 215. There are cases to the contrary in other states. See Note 58 A. L. R. 2d 1083. It is argued that where there is no legislative policy laid down in advance, as in the case of special exception or variances, the rule is otherwise. But we said in the *Missouri Realty, Inc. v. Ramer* case, *supra* (p. 447) : "Zoning officials, when properly authorized, have the authority to alter zone lines from time to time when there are substantial changes in conditions and such alteration has a reasonable relation to the public welfare", quoting *Offutt v. Bd. of Zoning Appeals*, 204 Md. 551, 557. See also *Temmink v. Bd. of Zoning Appeals*, 205 Md. 489, 493. We also noted in the *Ramer* case (p. 449) that the case involved reclassification from one residential subcategory to another, not the removal of land from the use category in which it was placed when originally zoned. The question of delegation of power was not squarely raised in that case or the other cases cited.

It is true that in *Huff v. Bd. of Zoning Appeals*, 214 Md. 48, 62, we sustained a reclassification from R. 40 to M. R. (Manufacturing Restricted) by analogy to a special exception, stating that "the rules which are applicable to special exceptions would apply, not the general rules of original error or change in conditions or the character of the neighborhood, that control the propriety of rezoning. This is because, as in the case of a special exception, there has been a prior legislative determination, as part of a comprehensive plan, that the use which the administrative body permits, upon application to the particular case of the specified standards, is *prima facie* proper in the environment in which it is permitted. This prior determination and the establishment of sufficient standards effectively refute the claim of improper delegation of legislative power * * *, citing *Montgomery County v. Merlands Club*, 202 Md. 279. That was not a

holding that without prior determination delegation would be improper. In *Bd. of Zoning Appeals v. Bailey*, 216 Md. 536, 543, we noted that the *Huff* case was exceptional, and that the ordinary rules applicable to reclassification did not apply, as they were applied in the *Bailey* case, and more recently in *White v. County Board of Appeals*, just decided, 219 Md. 136.

As Judge Markell, for the Court, said in *Pressman v. D'Alesandro*, 193 Md. 672, 678, the basic question "is not whether the City Council can delegate legislative power, but whether the Legislature has conferred, by the Baltimore charter or otherwise, power—of whatever nature, legislative or executive or both—to make the choice of alternatives. There can be no question as to the power of the Legislature to make such grants of powers of local government, whether to an existing municipal corporation or agency, a specially constituted body, or an existing executive or administrative body such as county commissioners. The constitutional requirement of separation of powers is not applicable to local government. [citing cases.] Just how much power is granted by a particular statute is a question of statutory construction, * * * not a constitutional question." See also *Pressman v. Barnes*, 209 Md. 544, 552; *Givner v. Commissioner of Health*, 207 Md. 184, 191; Davis, *Administrative Law Treatise* (1958), § 2.15. In the instant case the power stems directly from the statute and Charter, and there was no redelegation by the County Council to the Board. We do not suggest that a different result would follow if there had been a redelegation authorized by basic law.

We think the power to rezone in particular cases, by changing boundaries, as distinguished from the power to adopt a comprehensive zoning ordinance, which has been nowhere delegated and for which no statutory authority exists, may be, and has been, validly delegated to the County Board of Appeals. In *Tyrie v. Baltimore County*, 215 Md. 135, 141, we indicated that in Baltimore County such zoning "changes as conditions from time to time warranted could be effected either by reclassification or by Special Exception or by both." The only difference is that in the former case the Board must find a substantial justification for its action in an original

error or changed circumstances and conditions, and not merely consider the effects upon neighboring property, the traffic and school problems, and other matters appropriate to an exercise of the police power, as spelled out in sec. 532 (a) of the Statute. The presence of these statutory prerequisites to the exercise of the legislative function, whether delegated or not, is, we think, a complete answer to the appellants' contention that there are no statutory standards for the guidance of the Board.

There is the further safeguard that, to the extent that the action taken may be arbitrary, capricious, discriminatory, or illegal, or not fairly debatable, any action taken is subject to judicial review. *Kroen v. Board of Zoning Appeals*, 209 Md. 420, 427; *Eckes v. Board of Zoning Appeals*, 209 Md. 432, 437. The presumptions arising from the adoption of a comprehensive plan are designed to promote stability and prevent ill-considered changes, and the statutory prohibition against reconsideration within 18 months is aimed in the same direction. This Court has recognized, in many of the cases cited, and generally in the field of administrative law, that the basic statutes should be liberally construed to permit delegation to subordinate expert bodies because of the practical necessity of freeing the local legislative bodies from the pressure of the numerous and complex problems, calling for special expertise, that plague the modern world.

Since we hold that the order for reclassification was valid without further action by the County Council, the decree appealed from will be affirmed.

*Decree affirmed, with costs.*