## DAVIS ET AL. *v.* STATE

(Two Appeals In One Record)

[No. 194, September Term, 1960.]

*Decided April 5, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*George L. Russell, Jr.,* with whom were *Benjamin L.*

*Brown* and *Brown, Allen & Watts* on the brief, for appellants.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Julius A. Romano, State's Attorney* and *Assistant State's Attorney for Baltimore City,* respectively, on the brief, for appellee.

PER CURIAM.

Appellants, after their motions for directed verdicts were denied, were convicted by a jury of robbery with a dangerous or deadly weapon. They urge in this Court that the State did not show that the weapon used was "either dangerous or deadly" and that it was prejudicial error to admit in evidence two bullets found in the pocket of one of the appellants.

The testimony was that two men wearing masks entered a drug store in Northwest Baltimore and took bills, checks and coins from the cash register at the point of a gun. The druggist said one of the men came around the counter "and put a gun in my face." The druggist's daughter saw only one man "and he had a gun." The record is replete with references to the gun and leaves no doubt that the druggist and his daughter were put in fear and coerced into delivering the stolen property by the threat of the use of the gun. The appellants were apprehended a few minutes after the robbery, near the scene. They fled when the police approached. Each had some of the stolen money on his person. Each admitted in a statement to the police acting as a lookout in the robbery but denied being in the store, claiming that two other men had gone in.

It is not necessary for the State, in order to make out a *prima facie* case of robbery with a dangerous or deadly weapon, to show that the gun used was loaded. *Vincent v. State,* 220 Md. 232, 236. It is enough if it is shown, as it was in the case before us, that the gun was employed in a threatening fashion. *Hayes v. State,* 211 Md. 111, 115. There was no suggestion at the trial of the case that the witnesses in tes-

tifying as to the use of a gun were not referring to an ordinary real gun. No point was made that the gun might have been a toy. We think it clear that since the appellants made no effort to rebut the prima facie proof that the weapon used in the robbery was dangerous or deadly, the jury properly could have found that it was. *Hayes v. State; Vincent v. State,* both cited above. Cf. *Lipscomb v. State,* (Wis.), 109 N. W. 986, 988 (cited in the *Hayes* case).

There was no error in the admission into evidence of the bullets found in the pocket of one of the appellants. We have held consistently that a probability of connection of proffered evidence with the crime is enough to make it admissible, its weight being for the trier of fact to evaluate. *Braxton v. State,* 214 Md. 370, 373; *Daniels v. State,* 213 Md. 90, 100.

Appellants' contention that the evidence, apart from the gun, was not sufficient to sustain the conviction, was not seriously pressed and, in any event, is unsubstantial.

*Judgments affirmed.*