SPRIGGS *v.* STATE

[No. 327, September Term, 1960.]

*Decided June 27, 1961.*

The cause was submitted to HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Milton B. Allen, Benjamin L. Brown* and *Brown, Allen & Watts,* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert F. Sweeney, Assistant Attorney General, Saul A. Harris* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for the appellee.

PER CURIAM.

The appellant, Joseph Henry Spriggs, was charged and convicted by the trial judge, sitting without a jury, of the crime of lottery, second offense, and sentenced to two years in the Maryland Penitentiary. He appeals from the judgment and sentence and on this appeal challenges the admission into evidence by the trial court of a slip of paper containing figures and letters introduced by the State as a "lottery slip", and the sufficiency of the evidence to sustain the conviction.

On or about December 3, 1960, at approximately 10:15 a. m., five police officers armed with a search warrant, under instructions, went to the vicinity of the 2300 block of Druid Hill Avenue in Baltimore City, to a bar known as the Sugar Hill Tavern, ordered refreshments, waited and observed the appellant, at approximately 11:15 a. m., enter the tavern. He was observed on two occasions writing on a piece of paper which he took from his pocket. The officers approached the appellant, identified themselves, and read the search warrant to him. They placed him under arrest and took him to the Rackets Division office of the Police Department, where a piece of paper containing numbers and letters, and currency totalling $128.00 were taken from his person.

At the trial of the case Officer Woods testified that he had had considerable experience in investigating lottery cases and had been involved in approximately twenty-five such cases during the previous fifteen or sixteen months. The court being satisfied that the officer's experience was sufficient to enable him to testify, allowed him to interpret the writing on the slip. The right of a police officer, experienced in such matters, to give testimony as to the meaning of figures, words, etc., appearing on alleged gambling paraphernalia has been clearly established by decisions of this Court. *Chernock v. State,* 203 Md. 147, 99 A. 2d 748, and cases cited therein.

Specifically Officer Woods, after the slip was received in evidence, testified that the appellant himself admitted that the slip was indeed a lottery slip and that appellant had interpreted the notations on the slip after each of the last three groups of digits as representing a twenty-five cent wager on each of those numbers.

We have repeatedly held that a probability of connection of proffered evidence with a crime is enough to make it admissible, its weight being for the trier of fact to evaluate. *Davis v. State,* 225 Md. 45, 168 A. 2d 884, and cases there cited. There was no error in the admission of the slip of paper into evidence.

The evidence, if believed by the trier of fact, was sufficient to warrant the conviction and we must affirm. Maryland Rule 741 c.

*Judgment affirmed, with costs.*