**Joseph HOBBS, Jr.**

v.

**Vernon L. PEPERSACK, Warden, Maryland Penitentiary.**

**Civ. No. 12300.**

United States District Court
D. Maryland.

June 7, 1962.

Paul Berman, of Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen. of Maryland, and Robert F. Sweeney, Asst. Atty. Gen., of Maryland, for respondent.

THOMSEN, Chief Judge.

In December 1946 and January 1947, eight indictments were filed in the Criminal Court of Baltimore City against Joseph Hobbs, Jr. (Hobbs). Six of the indictments included counts based on the statute now codified as Art. 27, sec. 488, of the Maryland Code, 1957 ed., robbery with a dangerous or deadly weapon; in the other two the most serious offense charged was assault with intent to rob.

On January 7, 1947, Hobbs was arraigned before Chief Judge W. Conwell Smith, pleaded guilty to three of the indictments charging robbery with a dangerous and deadly weapon (two with a pistol and one with a knife) and pleaded not guilty to the other five indictments, which were stetted. The sentence imposed in each of the three cases was twenty years, to run concurrently with the others.

Hobbs filed approximately forty petitions for habeas corpus or other relief in the state courts, all of which were denied, one at least after a hearing before Judge Smith. On appeal that order was affirmed, Hobbs v. Warden, 194 Md. 722, 70 A.2d 814. See also Hobbs v. Warden, 197 Md. 629, 80 A.2d 38; Hobbs v. Warden, 219 Md. 684, 148 A.2d 380; and especially Hobbs v. Warden,

220 Md. 685, 155 A.2d 70, 71. Certiorari from the last decision was denied by the Supreme Court, 362 U.S. 906, 80 S.Ct. 618, 4 L.Ed.2d 557.

Hobbs also filed eight petitions for habeas corpus in this Court, all of which were denied. An appeal from the decision of the fifth petition was dismissed. Hobbs v. Swenson, 4 Cir., 199 F.2d 268. In his eighth petition, as in the earlier ones, Hobbs contended that he was unconstitutionally denied the assistance of counsel at his trial. From the denial of the eighth petition he appealed to the Fourth Circuit, which held that the petition alleged grounds which required a hearing in this Court, and ended with the following paragraph:

> "The case will be remanded to the District Court. If the state so desires, a hearing may then be held to determine whether the defendant was in fact represented by counsel at his trial, or whether he intelligently waived his right to counsel. If the state does not contest the truth of the petition, or offer any other reason for denying relief, the District Court should afford the state a reasonable opportunity to retry the prisoner. In default of this the court should order his release. Compare Rogers v. Richmond, 365 U.S. 534, 549, 81 S.Ct. 735, 5 L.Ed. 2d 760 (1961)." Hobbs v. Pepersack, Warden, 4 Cir., 301 F.2d 875, at 880.

On remand the state concedes that Hobbs was not represented by counsel at his trial, i. e. arraignment. The state contests the truth of the petition; but Judge Smith has died, the records of the reporter have been destroyed, and the state has not been able to find anyone who remembers the arraignment in this case. Called by the state, Hobbs testified that Captain Walsh of the Baltimore Police Department stood by his side at the arraignment and indicated to him the indictments to which he should plead guilty. Captain Walsh denied this, and I do not believe Hobbs, who made several other incredible statements and charges

against Judge Smith. Hobbs had on several prior occasions been arraigned in magistrate courts on various charges, and had entered pleas thereto. He had made a confession to the Baltimore police. It is a reasonable inference that he had agreed with the State's Attorney to plead guilty to three of the indictments, with the understanding that the others would be stetted. However, such evidence does not prove that Hobbs intelligently waived his right to counsel, which the mandate indicates is the controlling question. There remains the question whether the state has offered "any other reason for denying relief". In 1942 Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 86 L.Ed. 1595, had recently been decided, and Judge Smith evidently believed that a charge of robbery with a dangerous or deadly weapon was not so intricate that a layman could not understand the charge, especially where the weapon used was a pistol or a knife.

In holding the contrary, the Fourth Circuit relied on Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed. 2d 442, a recidivist proceeding, where the problems included the fairness of the previous trials, and the question whether the recidivist proceeding itself might be subject to attack as an *ex post facto* application of the law or susceptible to a plea of double jeopardy. In that case the Supreme Court stated the test to be whether the "nature of the charge" was "too intricate for a layman to master". 368 U.S. at 446, 82 S.Ct. at 500. The Fourth Circuit stated that the "present case falls squarely within the rationale of Chewning". 301 F.2d at 878. To substantiate this conclusion the Fourth Circuit said:

> "The crime with which Hobbs was charged was robbery with a deadly weapon with a potential aggregate sentence of 160 years on the eight counts. Anno.Code of Maryland, art. 27, § 488 (1957). As distinguished from simple robbery, id. § 486, which carries a maximum sentence of ten years, the use of a dead-

ly weapon in perpetrating a robbery doubles the possible punishment. The statute, however, not only fails to define the term 'robbery,' but it also gives no indication what weapons are considered deadly. The answer to both questions can be found only in the Maryland case law. Even assuming the doubtful proposition that Hobbs might know how to research such a problem, the case law itself furnishes no clear answer. For example, the Court of Appeals of Maryland has held that a loaded gun may be a deadly weapon while an unloaded one may not. Davis v. State, 225 Md. 45, 168 A.2d 884 (1961). Also, a knife may be either a deadly weapon or only a dangerous one, depending on the size of the blade and manner of its use. See Barefoot v. State, 222 Md. 67, 158 A.2d 649 (1960). Likewise, a weapon not deadly *per se*, such as a club, may not even be dangerous within the meaning of the statute unless utilized in a threatening manner. Davis v. State, supra. At all events, to secure a conviction for the more serious degree of robbery, the state must prove that the defendant had both the intent to commit the robbery and the intent to use the deadly weapon in furtherance thereof. Midgett v. State, 216 Md. 26, 139 A.2d 209, 217 (1958); Hayes v. State, 211 Md. 111, 126 A.2d 576, 578 (1956). Manifestly, only skilled counsel could determine whether a plea of guilty was warranted or the state's evidence insufficient to support the charges." 4 Cir., 301 F.2d 875, at 878.

Sec. 488 and the indictments, however, refer to dangerous as well as deadly weapons. In Hayes v. State, cited by the Fourth Circuit, the Court of Appeals of Maryland said:

"The appellant argues that it is necessary to show that the weapon is deadly as well as dangerous, and that an unloaded weapon cannot be deadly when it is incapable of being discharged. We think it is sufficient under the statute to show that the weapon is either dangerous or deadly, for the words are used in the alternative. The fact that the indictment, following the usual practice and the form set out in Code 1951, Art. 27, sec. 575, as enacted by Ch. 84, Acts of 1945, uses the conjunctive is not controlling. See Bonneville v. State, 206 Md. 302, 307, 111 A.2d 669." 211 Md. at 116, 126 A.2d at 578.

In Davis v. State, also cited by the Fourth Circuit, the Maryland Court said:

"It is not necessary for the State, in order to make out a prima facie case of robbery with a dangerous or deadly weapon, to show that the gun used was loaded. Vincent v. State, 220 Md. 232, 236, 151 A.2d 898. It is enough if it is shown, as it was in the case before us, that the gun was employed in a threatening fashion. Hayes v. State, 211 Md. 111, 115, 126 A.2d 576." 225 Md. at 46–47, 168 A.2d at 885.

Barefoot v. State and Midgett v. State deal with different points from those involved here. And Hayes v. State does not hold that to secure a conviction for the more serious charge, the state must prove that the defendant had both the intent to commit the robbery and the intent to use the deadly weapon in furtherance thereof. After discussing the rules in other states, the Maryland Court said:

"The Maryland statute, unlike the Wisconsin statute, does not mention assault or intent to kill or maim, but predicates the greater penalty attached to the use of a dangerous or deadly weapon upon the means employed in the intimidation. So long as there is an intent to rob by that means, it is unnecessary to find an intent or ability to execute the implied threat in the event of resistance." 211 Md. at 115, 126 A.2d at 578.

The reason given by the Maryland Court is that "[t]he criminal law is also designed to protect rights of the general public and the individual assailed, not merely to fix the moral guilt of the assailant". Ibid.

Even more difficult for this court to understand is the statement in the opinion of the Fourth Circuit: "Although Hobbs had seven times petitioned in vain for federal habeas corpus, none of the denials was predicated on a consideration of the merits of his complaint, and, therefore, none can be considered a determination of 'the legality of [the] detention.'" 301 F.2d 875. On appeal from the order of Judge Chesnut denying the fifth petition in this court, the Fourth Circuit had said, per curiam (Parker, Chief Judge, and Soper and Dobie, Circuit Judges):

> "This is an appeal from an order denying a petition for a writ of habeas corpus. On January 7, 1947 appellant pleaded guilty in a Maryland state court to a charge of robbery and was sentenced to a term of imprisonment. He contends that counsel were not appointed to advise him, that he was not allowed to present witnessess in his behalf and that he was not allowed to question the witnesses against him. Appellant has repeatedly made application for habeas corpus to the state courts which have been denied and the Supreme Court of the United States has denied certiorari. State ex rel. Hobbs v. Warden, [194] Md. [722], 70 A.2d 814, Hobbs v. Warden, [197] Md. [629], 80 A.2d 38,

Id., 341 U.S. 936, 71 S.Ct. 851, 95 L.Ed. 1364. It appears also that prior applications have been made to both United States Judges in the District of Maryland and have been denied by them. The application from the denial of which this appeal was taken presents no such unusual circumstances as would have warranted the District Judge in issuing a writ of habeas corpus in such situation. The application appears to be entirely without merit; but we are without jurisdiction to consider the appeal because there is no certificate of probable cause as required by 28 U.S.C.A. § 2253. Bernard v. Brady, Warden, 4 Cir., 164 F.2d 881; Berman v. Swenson, Warden, 4 Cir., 177 F.2d 717; Hansen v. Warden, 4 Cir., 198 F.2d 470." Hobbs v. Swenson, Warden, 4 Cir., 199 F.2d 268.

This court has hitherto believed that it was entitled, indeed required, to follow such a considered statement by the Fourth Circuit.

Nevertheless, this court considers that it is bound by the recent mandate of the Fourth Circuit. If the state files herein within seven days from the date of this opinion a written election to retry the prisoner, the court will stay its order for a reasonable time to give the state an opportunity for such retrial. In default of this, the court will order his release, as required by the mandate which gives this court no discretion.[1] If the state desires to appeal from this decision, the court will consider an application for a stay. Counsel will prepare an appropriate order.

---

1. The Fourth Circuit stated in a footnote "that the Maryland Court of Appeals has apparently never considered Hobb's claim on the merits." This court had construed the opinions of the Maryland Court, summarized in 220 Md. at 686, 687, 155 A.2d 70, as indicating that the Maryland Court thought it had considered the case on the merits. Accepting, as this court must, the construction of the Fourth Circuit that the Maryland Court did not consider the case on the merits, this court might withhold any order in this habeas corpus case in order to give Hobbs an opportunity to seek a decision on the merits in the Maryland courts, if this court were not faced with a binding direction in the mandate of the Fourth Circuit.