## HOBBS *v.* STATE

[No. 312, September Term, 1962.]

534

*Decided June 6, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRES-
COTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Lee Vogelstein,* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, William J. O'Don-
nell* and *Russell J. White, State's Attorney* and *Assistant
State's Attorney,* respectively, for Baltimore City, on the brief,
for appellee.

MARBURY, J., delivered the opinion of the Court.

On this appeal appellant's sole contention is that judgments
and sentences of twenty years and five years, to run consecu-
tively, were illegal in that they exceeded the total sentences
imposed in 1947 at his original trial, this second trial being a
new one, the result of appellant's habeas corpus efforts in the
federal courts.

On January 7, 1947, appellant pleaded guilty to three
charges of robbery with a deadly weapon and was sentenced to
twenty years on each charge, the sentences to run concurrently.
Since that time, he has filed forty-eight petitions for relief in
both state and federal courts, contending he was deprived of
due process of law because he was not represented by counsel
at his original trial. These efforts were all fruitless until, on
appeal from a denial of his eighth habeas corpus petition by
the United States District Court for the District of Maryland,
the United States Court of Appeals for the Fourth Circuit held
his petition alleged grounds requiring a hearing in the Dis-
trict Court. *Hobbs v. Pepersack,* 301 F. 2d 875 (4th Cir.).
Acting under the mandate of the Fourth Circuit opinion, Judge
Thomsen, of the District Court, held a hearing, in which the
State of Maryland conceded appellant did not have counsel at
the original trial. The Court held that the original trial was
a nullity and that the State had seven days in which to elect

to retry the case, and that if the State did not do so, appellant was to be released. *Hobbs v. Pepersack,* 206 F. Supp. 301 (Md.). The State elected to have a new trial.

On October 4, 1962, after having had counsel appointed for him, appellant was tried in the Criminal Court of Baltimore, before Judge Carter and a jury. He pleaded not guilty to three indictments of armed robbery. The jury found him guilty on two of the three indictments and Judge Carter sentenced him to twenty years in one case, and five years in the other, the sentences to run consecutively from the date of his original sentences. This amounted to five years more than his previous sentences.

Appellant raises no question of his guilt on this appeal. He only contends that the court below could not increase his sentences of confinement over those originally imposed, and that such increase is cruel and unusual punishment under the facts of this case in violation of Articles 16 and 25, Maryland Declaration of Rights.

Appellant argues that when a new trial is granted under Code (1962 Cum. Supp.), Article 27, § 645A, *et seq.* it is improper for the trial court to increase the defendant's sentence. However, this new trial was not brought about due to proceedings under the Uniform Post Conviction Procedure Act, but was the result of the original trial being found a nullity by the Federal District Court, so that the U.P.C.P.A. has no application to this case at all. Even if it did, nothing in the terms of the above-mentioned sections of the Code would prevent a greater sentence upon a new trial. In this case we are concerned only with the results of a trial de novo where the accused was charged with the same crimes upon which he had been convicted in the original trial.

On a trial de novo the court hears the case as if it were being tried for the first time, and considers the entire matters of verdict, judgment and sentence as if there had been no prior trial. *Moulden v. State,* 217 Md. 351, 142 A. 2d 595. In that case there was involved an appeal from the sentences of the People's Court of Montgomery County to the Circuit Court for that County concerning convictions for violations of the motor vehicle laws. On the appeals to the Circuit Court greater sen-

tences were imposed than those rendered by the People's Court. This Court, on appeal, affirmed the sentences of the Circuit Court, pointing out that the general rule, derived from a study of cases in other jurisdictions, that greater punishment can be meted out in such a situation is the law of Maryland.[1] In the instant case we are not concerned with an appeal from an inferior court to a court of general jurisdiction, such as a circuit court, but rather a new trial based on the previous trial being found to be a nullity. In such a case the new trial is also a de novo proceeding, as if nothing had gone before. 66 C.J.S., *New Trial*, § 226. See also *Levine v. Hudspeth*, 127 F. 2d 982 (10th Cir.). Cf. *State v. D'Onofrio*, 221 Md. 20, 26, 155 A. 2d 643. Under these circumstances the imposition of new sentences in the second trial resulting in a greater period of confinement was not unlawful.

Appellant argues that the increase in the length of time he must serve is cruel and unusual, in that it was not the "just reward" for which he fought so desperately. He cites no authorities, nor have we found any, to support the theory that a new trial should result in, at the most, no more than the original sentences. Articles 16 and 25 of the Maryland Declaration of Rights prohibit cruel and unusual punishments. It has been held by this Court in numerous cases, as here, that ordinarily any punishment authorized by statute and within statutory limits is not cruel and unusual under Article 16 or 25. E.g. *Apple v. State*, 190 Md. 661, 59 A. 2d 509; *Glickman v. State*, 190 Md. 516, 60 A. 2d 216. In asking for and receiving a new trial, appellant must accept the hazards as well as the benefits resulting therefrom.

*Judgments affirmed.*

---

1. For the view that when a case is tried and decided de novo in civil proceedings there is technically an independent decision and judgment, and not merely an affirmance, see Baltimore County v. Mo. Realty, 219 Md. 155, 159, 148 A. 2d 424.