### HENRY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 66, September Term, 1959.]

*Decided December 21, 1959.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Horney, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Circuit Court for Dorchester County dismissing the petition of the applicant for post conviction relief.

The applicant—who was convicted before a trial magistrate

of Dorchester County with having possession of apparatus for the unlawful manufacture of alcoholic beverages and sentenced to the House of Correction for eighteen months from June 11, 1959—filed a petition in *forma pauperis* in the circuit court of the county in which he was convicted, as he had a right to do under Code (1959 Cum. Supp.), Art. 27, sec. 645C, to set aside the sentence. In substance the petition for relief alleged that the sheriff (a) had unlawfully broken down the door and entered the home of the petitioner, (b) had illegally searched the interior thereof without a search warrant and removed the petitioner's property therefrom, and (c) had illegally arrested the petitioner forthwith before a state warrant had been issued.

The lower court, without appointing counsel for the petitioner and, apparently, without a hearing on the petition, which is required by Art. 27, sec. 645G, dismissed the petition for relief because, as the court stated in its written opinion, the petitioner did "not allege any of the four grounds" enumerated in Art. 27, sec. 645A (a) ; and because the facts alleged as reasons why the petitioner was entitled to relief were such matters as could have been determined on appeal to the circuit court where the charge would have been heard *de novo*.

As we stated in *Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701 (1959), Art. 27, sec. 645E, requires the appointment of counsel in *every* case in which the lower court is satisfied that the applicant is in fact indigent. And, in *Hobbs v. Warden,* 219 Md. 684, 148 A. 2d 380 (1959), we held that appointment of counsel was required even where it appeared to be unnecessary or futile.

A petition in *forma pauperis* for post conviction relief, which sets forth one or more grounds therefor irrespective of the meritoriousness thereof, should not be dismissed without appointment of counsel whenever it appears that the applicant is without means to employ counsel, and, in no event, until after a hearing has been had on the petition. The court may, but is not required, to order the petitioner brought before it for the hearing, unless his oral testimony is wanted by the

608

court for any reason or unless such testimony appears to be essential to assure a fair hearing. See sec. 645G, *supra*.

*Application for leave to appeal granted and case remanded for further proceedings.*