## ROBERT R. TAYLOR *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 33, Initial Term, 1967.]

*Decided February 14, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

THOMPSON, J., delivered the opinion of the Court.

Taylor, presently an inmate at Patuxent Institution, has filed for several writs of habeas corpus attacking his original conviction and sentence of five years for the crimes of break-

ing and entering, and larceny, imposed by Judge Edward D. E. Rollins on December 9, 1964.

On January 3, 1966, and on January 27, 1966, Taylor filed separate petitions for writs of habeas corpus in the Circuit Court for Cecil County. On February 8, 1966, Chief Judge J. DeWeese Carter denied the petitions without hearing, for the reason there were no facts alleged which would warrant relief by writ of habeas corpus. The record does not show that a copy was mailed to Taylor.

In his first petition for relief under the Uniform Post Conviction Procedure Act, filed June 3, 1966, it is alleged that the Petitioner was denied "due process" of law by not receiving a reply to the aforesaid "petition for writ of habeas corpus". In the affidavit thereto, Taylor stated he was without funds. Judge Edward D. E. Rollins denied the petition without the appointment of counsel and without hearing on June 9, 1966, stating that no facts were alleged which would entitle Taylor to relief under the Uniform Post Conviction Procedure Act. No finding was made as to the indigency. Taylor applied to the Court of Appeals of Maryland for leave to appeal on June 29, 1966. The Court of Appeals of Maryland, by order dated January 6, 1967, referred the case to this court.

In *Henry v. Warden*, 221 Md. 606, the Court of Appeals said: "As we stated in *Byrd v. Warden*, 219 Md. 681, 147 A. 2d 701 (1959), Art. 27, Sec. 645E, requires the appointment of counsel in *every* case in which the lower court is satisfied that the applicant is in fact indigent. And in *Hobbs v. Warden*, 219 Md. 684, 148 A. 2d 380 (1959), we held that appointment of counsel was required even where it appeared to be unnecessary or futile." The Court further stated that Art. 27, Sec. 645G required a hearing. These sections of the code have since been repealed but their substance is continued in Maryland Rules BK 42 and BK 44 and affirmatively require a hearing in every first application and the appointment of counsel in every first application where there is indigency. Maryland Rule BK 48 makes clear that the appointment of counsel and the holding of a hearing is not automatically required in subsequent petitions under the Uniform Post Conviction Procedure Act.

Maryland Rule BK 44c requires that the hearing be held before a judge other than the original trial judge, unless the petitioner assents. The record here does not show such assent.

*Application for leave to appeal granted and case remanded for further proceedings in accordance with this opinion.*