## ARNOLD YOPPS v. WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 118, Initial Term, 1967.]

*Decided July 26, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of October 10, 1966, of Judge Shirley B. Jones, sitting in the Criminal Court of Baltimore, denying relief prayed in the ap-

plicant's first petition filed under the Uniform Post Conviction Procedure Act without a hearing or appointment of counsel.

The applicant was convicted of burglary on May 29, 1961, and sentenced to imprisonment for a term of 10 years to begin at expiration of a sentence for violation of parole. The judgment was reversed on appeal and the case remanded for a new trial. *Yopps v. State,* 228 Md. 204. In the subsequent trial he was again convicted of burglary on February 20, 1963, and on July 16, 1963, after a motion for a new trial was denied, he was sentenced to imprisonment for a term of 10 years from February 20, 1963. On September 3, 1963, the sentence imposed on July 16, 1963, was changed to imprisonment for a term of 10 years consecutive with a sentence for violation of parole. The judgment was affirmed on appeal. *Yopps v. State,* 234 Md. 216, cert. denied, 379 U. S. 922. On January 6, 1965, the change of sentence of September 3, 1963, was stricken out so that the original sentence imposed on July 16, 1963, remained unchanged and in full force and effect.

The petition for relief alleges the applicant served 12 months and 14 days under the first conviction until he was released on bail awaiting a new trial and therefore his sentence of 10 years on his subsequent conviction exceeds the maximum sentence for the crime of which he was convicted, since it ran from the time of his subsequent conviction. He further alleges that by the refusal of the sentencing judge to correct the illegal sentence and, if the sentence is not corrected, he is twice in jeopardy for the same crime.

Judge Jones, in the memorandum accompanying the order denying relief, fully considered the allegation that the sentence was excessive and found it to be without merit, as the 12 months and 14 days the applicant served was on the parole sentence. The sentence of May 29, 1961, had not begun to run when the applicant was released on bail. Further, even assuming, *arguendo,* that the sentence was excessive, this fact would not place the applicant twice in jeopardy. Any excess would not render the sentence void *ab initio* and the sentence would be valid as far as the power of the court extended, being invalid only as to the excess. *Roberts v. Warden,* 206 Md. 246, *Von Den Bosch v. Warden,* 194 Md. 715. In addition, it is well es-

540 

tablished that ordinarily when a former trial is set aside because the court has committed error, a new trial may be granted without infringing upon the rule of double jeopardy. *Ruckle v. State,* 230 Md. 580. See also *Hobbs v. State,* 231 Md. 533.

However, we held in *Taylor v. Director,* 1 Md. App. 23, that, in every first petition filed under the U.P.C.P.A., there must be a hearing and, when the lower court is satisfied that the applicant is in fact indigent, the appointment of counsel, even where it appeared unnecessary or futile. Maryland Rules, BK42 and BK44; *Henry v. Warden,* 221 Md. 606, citing *Byrd v. Warden,* 219 Md. 681; *Hobbs v. Warden,* 219 Md. 684. The application for leave to appeal is therefore granted and the case remanded for appointment of counsel, if the court is satisfied that the allegation of the applicant that he is unable to pay the costs of the proceeding or employ counsel is true, and for a hearing on the petition.

> *Application for leave to appeal granted; case remanded for further proceedings in accordance with this opinion.*