LARRY EDWARD LOGUE *v.* STATE OF MARYLAND

[No. 1273, September Term, 1976.]

*Decided July 12, 1977.*

42

The cause was argued before POWERS, DAVIDSON and LISS, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*Bruce C. Spizler, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *Alan E. D'Appolito, Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Larry Edward Logue, appellant, was found guilty of felony housebreaking by a jury in the Circuit Court for Prince George's County. The trial court imposed a sentence of three years consecutive to a sentence then being served by the appellant, and it is from this judgment that the instant appeal was noted by the appellant.

The appellant raises three issues to be determined:

1. Did the trial court err where it refused to grant a hearing *de novo* on a motion to suppress evidence which had been heard and denied in a previously aborted trial on the merits?

2. Did the trial judge at the original hearing on the motion to suppress err when he denied the motion?

3. Was the evidence sufficient to sustain appellant's conviction of housebreaking?

We shall affirm.

## 1.

We never cease to be amazed at the eternal novelty of the law. The first issue submitted to us in this case is, so far as we have been able to determine, a case of first impression. Prior to the beginning of trial, the appellant filed a motion to suppress certain evidence seized by the police in the course of their investigation. A two-day hearing was held before Judge James H. Taylor, and at the conclusion of the hearing the judge granted the motion as to a motorcycle seized from the side of the appellant's house, but denied the motion as to goods seized within the house.. Several months later a second hearing was held before Judge Taylor in which the appellant again urged the court to grant his motion to suppress as to the goods seized in the house. After hearing further argument the judge again denied the motion.

Subsequently, the case was tried before a jury and another judge in the Circuit Court for Prince George's County. The appellant was found guilty of housebreaking. A motion for a new trial was made by the appellant and after argument the trial judge granted the motion.[1] The case then came on for trial before Judge James F. Couch, Jr. and a jury. Before the selection of a jury began, appellant's counsel requested the court to grant a rehearing on the motion to suppress. Counsel conceded that there was no new evidence which he could offer which had not been heard and considered by Judge Taylor in the original hearing and rehearing on the motion to suppress. Judge Couch declined to grant the hearing because "two other members of the bench have heard the motion twice and declined to suppress."[2]

---

**1.** The record in this appeal does not reflect the basis for the granting of a new trial, but we are advised by counsel that the trial judge determined that he had given an erroneous instruction as to the appellant's right not to be compelled to testify under the Fifth Amendment to the United States Constitution.

**2.** Judge Couch was mistaken in his statement that two other judges had declined to suppress and was apparently confused because the original trial judge had ruled on another motion to suppress — that one dealing with a photographic identification. The record does make it clear, however, that Judge Taylor held two hearings on the motion to suppress and declined to suppress the evidence seized in appellant's house on two occasions.

The appellant argues that the granting of a new trial "necessarily nullified all prior proceedings and required the trial judge at the second trial to go forward as if the case had not been tried before." He cites as authority for this position dicta found in *Hobbs v. State*, 231 Md. 533, 535, 191 A. 2d 238, 239 (1963). There the Court of Appeals said, "On a trial *de novo* the court hears the case as if it were being tried for the first time, and considers the entire matters of verdict, judgment and sentence as if there had been no prior trial." As additional authority the appellant cites 66 C.J.S., *New Trial* § 226, and 58 Am.Jur.2d, *New Trial* § 228. We have carefully reviewed the cases there cited and find none factually apposite.

The applicable Maryland Rule is 729 (g) (2) which states in pertinent part:

"If such motion [to suppress] or petition is denied prior to trial of the criminal case, the pre-trial ruling shall be binding at the trial unless the trial judge, in the exercise of his discretion grants a hearing *de novo* on the defendant's renewal of his motion or objection."

We have held that in the absence of an abuse of discretion the trial judge is entitled to rely on the pre-trial ruling of another judge as to motions which have been heard and decided prior to trial provided the ruling has been made by a court of competent jurisdiction. In *McChan v. State*, 9 Md. App. 317, 264 A. 2d 133 (1970), *cert. denied*, 258 Md. 729 (1970), this Court had before it a case in which a motion to suppress identification evidence had been made in a pending proceeding in the Criminal Court of Baltimore. That motion was heard and denied. Thereafter the case was removed to the Circuit Court for Anne Arundel County where counsel for the accused filed the same motion. The trial judge refused to grant a further hearing on the motion, and we stated that "We agree that the trial court was not obliged to hear and determine the motion to suppress the identification evidence which had already been fully heard and

determined." *Id.* at 322, 264 A. 2d at 137; *see Walker v. State,* 12 Md. App. 684, 280 A. 2d 260 (1971).

The appellant suggests that the magic of the words *de novo* somehow wipe out everything which has transpired before, and like the children's games which require a player to return to "square one," the parties must begin all over again without regard to what transpired prior to the beginning of the new trial. We do not agree. We believe that a trial *de novo* does require that the matters of *verdict, judgment* and *sentence* be treated as if there were no prior trial but that pre-trial proceedings are not required to be repeated unless it can be shown that some new evidence or circumstance would require the trial court to exercise its discretion and grant a further hearing on motions already heard and ruled upon. We find no abuse of the trial court's discretion in refusing to rehear the motion to suppress in this case for a third time.

2.

The appellant next urges that his pre-trial motion to suppress the evidence seized in his home should have been granted. The evidence presented at the hearing was relatively simple. The State's witnesses testified that a burglary of the home of one Joseph Fearson in Brandywine, Maryland, was reported on May 5, 1975. Police were dispatched to the scene and the victim informed them that he had discovered an intruder inside the house. He was described as a white male, approximately 25 years of age, with shoulder-length reddish brown hair and a beard, wearing a gray sweat shirt that zippered in front and brown pants. Mr. Fearson was shown a photographic array and identified the appellant as the man who had been surprised in his home.

The police officers then drove to the appellant's home where they remained for approximately an hour waiting for the appellant to return. As they were about to leave the appellant's "wife" [3] and stepmother arrived. One of the

---

[3]. The "wife" was not married to the appellant but had lived with him for approximately four years and was the mother of his son.

officers advised the "wife" that they were there to arrest the appellant for a burglary which had just occurred nearby. The "wife" replied that the appellant was not at home, but that they could come in and look if they wished. Two of the officers entered the house and were escorted to the master bedroom by the "wife." The officers saw on the bed a sweat shirt and pants matching the victim's description of the clothes worn by the burglar. They seized the shirt and pants and found in the sweat shirt pocket a padlock afterward identified by Mr. Fearson as his property.

The appellant called his "wife" as a witness. She categorically denied having invited the police into the house. Her version of the events was that she returned home to find the police surrounding the house. Both the front and back doors were open although she had locked them both. She went to the telephone to call the appellant, and as she did so one of the police officers entered the house without her consent and went to the bedroom where he seized the pants and sweat shirt. The appellant also called his stepmother as a witness and she corroborated the wife's version of the incident and stated that the "wife" specifically asked the police to stay out of the house. At the conclusion of the testimony Judge Taylor denied the motion to suppress.

There are two narrow issues presented — the first is that of the credibility of witnesses; the second is whether, under the totality of all the circumstances, the consent to search, if in fact it was given, was voluntary, or the product of duress or coercion, express or implied. *Schneckloth v. Bustamonte*, 412 U. S. 218, 93 S. Ct. 2041, 36 L.Ed.2d 854 (1973); *Whitman v. State*, 25 Md. App. 428, 336 A. 2d 515 (1975).

When, as in this case, a constitutionally protected right is involved, it is our duty to make an independent examination of the evidence in the record and to determine whether the trial court's conclusion as to the factual dispute was made within the required constitutional framework. *Wiebking, Holt & Wolf v. State*, 19 Md. App. 226, 310 A. 2d 577 (1973); *Ponds v. State*, 25 Md. App. 162, 335 A. 2d 162 (1975). In

doing so we allocate "an appropriate and substantial effect to [the trial court's] resolutions of conflicts in evidence as to the occurrence or nonoccurrence of factual events and happenings." *Haynes v. Washington*, 373 U. S. 503, 516, 83 S. Ct. 1336, 10 L.Ed.2d 513 (1963); *Gardner v. State*, 32 Md. App. 629, 632 n.1, 363 A. 2d 616 (1976); *Whitman v. State, supra*. We have carefully read and considered the testimony of the several witnesses produced by the State and defense on the issue of the alleged consent to the search and find no constitutional infirmity in the trial court's conclusion that the police witnesses for the State were more credible than the witnesses for the defense.

We find no difficulty in reaching the conclusion that the consent to search was voluntary and without duress or coercion. It is interesting to note that at the hearings on the motion to suppress the defense raised no issue of coercion and offered no evidence of any alleged duress. The appellant elected to stand on the testimony of his witnesses that no permission to enter and search was given. In brief and argument the appellant indirectly suggests that the events occurred at a "chaotic scene" in the course of which the family's pet monkey had escaped from the rear porch of the premises, and there were many police officers and police vehicles at the premises. "Chaotic," however, is not to be equated with "coercive" in the absence of some showing that the police officers used the "chaotic" situation as a means of coercing their intrusion into the appellant's home. *Bumper v. North Carolina*, 391 U. S. 543, 88 S. Ct. 1788, 20 L.Ed.2d 797 (1968); *Anderson v. State*, 237 Md. 45, 205 A. 2d 281 (1965); *Whitman v. State, supra; Lopata v. State*, 18 Md. App. 451, 307 A. 2d 721 (1973). We find no such evidence in our independent review of the record.

3.

The appellant's third contention borders on the frivolous. He contends the evidence was insufficient to sustain his conviction for felony housebreaking. In support of this

contention he points out several discrepancies in the testimony of witnesses. The weight of the evidence and the credibility of witnesses are matters for the triers of fact.

*Judgment affirmed.*
*Costs to be paid by appellant.*