## CULLINGS *v.* STATE

[No. 138, October Term, 1953.]

 

*Decided June 23, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by Edward N. Cullings, *pro se.*

*H. Clifton Owens,* Assistant Attorney General, with whom were *Edward D. E. Rollins,* Attorney General and *Anselm Sodaro,* State's Attorney for Baltimore City, on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant was tried in the Criminal Court of Baltimore City on five indictments containing four counts each, and he was convicted on the third and fourth counts of each indictment. The third count in each indictment charged him with obtaining personal property, (wood, wood products or flooring materials) from a specified person or persons through the use of a bad check (Code, 1951, Article 27, Section 167); and the fourth count charged him with obtaining by false pretenses the same property from the same persons mentioned in the third count. (Article 27, Section 165). The docket entries show that he was tried by the Court

without a jury on September 22, 1953, and that he was found guilty as above stated on October 6, 1953. No transcript of the proceedings has been filed, but affidavits of the Judge who tried the case and of the appellant's counsel at the trial contained in the appendix to the State's brief show that the postponement from September 22 to October 6 was granted to permit the appellant's trial counsel to interview prospective witnesses for the defendant (now the appellant). The appellant is now serving the sentences imposed under these convictions and is not represented by counsel. The grounds upon which the appellant seeks a reversal of his conviction are these: (1) that he was denied a trial by jury; (2) that he was deprived of the right to have witnesses in court to testify in his behalf; (3) that he was not properly notified of the date and time of his trial; and (4) that the Judge was prejudiced.

The absence of any transcript of the proceedings in the trial court and of any substitute therefor (such as is required under Rule 10 of the Rules and Regulations of this Court Respecting Appeals) leaves the alleged grounds of appeal without any support in the record before us. In all essentials they are denied by the affidavits above mentioned, the use and consideration of which on appeal is well established. *Francies v. Debaugh,* 194 Md. 448, 71 A. 2d 455; *State ex rel. Adams v. May,* 196 Md. 152, 75 A. 2d 839; *Auchincloss v. State,* 200 Md. 310, 89 A. 2d 605; *Banks v. State,* 203 Md. 488, 102 A. 2d 267.

A review of the material before us bearing upon the grounds upon which reversal is sought indicates that such grounds are without merit.

As to the allegation that the appellant was denied the right to a jury trial, there is nothing in the record transmitted which indicates that he was denied the right. The affidavit of his trial counsel states that a court trial was requested. He states that he does "not recall whether the Defendant indicated a desire to have a jury trial, but we proceeded with a Court hearing."

The affidavit of the trial judge states that "The defendant was present and nothing was said by anyone which indicated that the defendant wanted a jury trial." If the defendant objected to his counsel's electing a court trial, rather than a jury trial, he should have made his objection known to the court at the time. In view of his presence and apparent acquiescence in the action of his counsel, we think he was bound by the election made. *Rose v. State,* 177 Md. 577, 10 A. 2d 617; *Banks v. State,* 203 Md. 488, 494, 102 A. 2d 267, 272.

In addition, since the point was not raised in the trial court, it is not open to review here. Rule 9 of the Rules and Regulations of this Court Respecting Appeal; *Banks v. State, supra.*

The contention that the defendant was denied the right to have witnesses in court to testify on his behalf also does not appear to have been raised in the trial court, and is equally open to objection under Rule 9. Furthermore, the affidavits presented by the State indicate that no harm was suffered by the defendant. The case was postponed for two weeks to permit his counsel to interview prospective witnesses. The affidavits show that only one of them seemed to the defendant's counsel to be of any help, and that the substance of what favorable testimony he could have given on behalf of the defendant was stated to the court by the defendant's counsel and was thoroughly considered by the court. Again, there appears to have been acquiescence by the defendant—in this instance in the mode of presenting evidence.

His third contention—that he did not receive due notice of his trial—appears to be substantially covered by what has been said with regard to his second contention. The affidavit of his former counsel indicates that such evidence as might have helped him was obtained, presented and considered by the Court. The affidavit further states that counsel did not raise any objection at the trial to the sufficiency of notice. The appellant asserts that counsel stated to the Court that

26

it would be "throwing the defendant to the wolves" to proceed with the trial that day. Counsel's affidavit refutes this assertion, and we have no stenographic transcript to support the appellant's claim. The delay of two weeks to permit witnesses to be interviewed and brought in negatives the contention that shortness of notice prevented the appellant from producing witnesses to support his defense.

His fourth contention—that the trial judge was prejudiced against him—is without any support, so far as we are aware. It, too, was not raised below.

Accordingly, the judgment of conviction is affirmed.

*Judgment affirmed, with costs.*