## BAREFOOT *v.* STATE

[No. 167, September Term, 1959.]

*Decided March 16, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert J. Gerstung* for the appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant, Barefoot, and a codefendant, Hunt, were indicted on a charge of robbery with a deadly weapon, were tried in the Criminal Court of Baltimore before Judge Oppenheimer, sitting without a jury, were found guilty and were sentenced to imprisonment. Barefoot alone appeals.

In his brief the appellant asserts that the trial judge erroneously impeached the veracity of the appellant by assuming a contradiction in the testimony between the appellant and a police officer witness, which, the appellant says, did not exist. In the argument of the case in this Court the appellant also urged that there was no robbery with a deadly weapon because the weapon, a knife, was taken during the robbery.

There was evidence to show that the defendants, Barefoot and Hunt, entered the room of the victim, Dubin, twice (Barefoot perhaps a third time) on the afternoon of the robbery, that on the first occasion they robbed him of a wallet, some money and the knife, and that on the second occasion Hunt held the open knife blade against Dubin's abdomen while Barefoot searched the apartment, that Hunt then held Dubin while Barefoot struck him in the face several times and that thereafter Hunt and Barefoot stole two shirts and a clock. There was also testimony showing that the defendants had the shirts and clock in their possession later in the afternoon of the robbery. The police officer who arrested them in their apartment about an hour and a half after the robbery found at least one of the shirts, the clock and the knife there. The knife was found in Hunt's pocket. We think the evidence was ample to sustain a finding that the knife was used in effecting the second robbery.

The appellant, Barefoot, testified at the trial that the victim had given him the shirts and clock about two weeks before

the robbery. As the trial judge observed, this claim was not corroborated in any way. It was at variance with the statement which the arresting officer said he made at the time of the arrest that he did not remember how he got these articles. He made no claim that the knife had been given him. The trial judge observed that the knife had been "found in the possession of one of the defendants." If, as is by no means clear, the judge was mistaken as to whether it was found in Hunt's pocket or in Barefoot's, and if, as is also by no means clear, he thought or was in error in thinking that there was some conflict between Barefoot and the arresting officer on this particular and minor point, these matters seem of no real importance. There was ample testimony to show that the defendants had been engaged in a joint venture when they stole the knife and when they used it to commit the second robbery and to steal other things, and that the knife was found in the room which they jointly occupied and in the pocket of one of them. On the record before us we could not hold that the trial judge's finding of guilt was erroneous, still less that it was clearly erroneous. Unless it were so, we could not set it aside. Maryland Rules 741 c; *Ward v. State,* 219 Md. 559, 150 A. 2d 257.

*Judgment Affirmed.*