## WILLIAMS ET AL. *v.* STATE

[No. 47, September Term, 1961.]

*Decided November 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Samuel W. Barrick* and *Marvin Mandel,* with whom were *Mandel* and *Franklin,* and *Charles A. Reese* on the brief, for the appellants.

*Robert S. Bourbon, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Robert S. Rothenhoefer, State's Attorney for Frederick County,* and *T. Hunt Mayfield, State's Attorney for Howard County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

These are four appeals in one record from judgments and sentences entered after a jury found the appellants guilty of robbery with a dangerous and deadly weapon. The State has moved to dismiss the appeals of Boyd, Toland and Williams, on the ground that they failed to present in the record extract sufficient material to enable this Court to decide certain of the questions presented. But it is conceded that at least some of the points raised are properly before us and entitled to consideration. For this reason the motion to dismiss will be denied.

At about 1:30 A.M. on April 11, 1960, an armed robbery was perpetrated at the Spartan Club, Frederick County. Two men, armed with a pistol and sawed-off shotgun, entered the Club, announcing that "it was a stick-up". Two other men came in behind, searched the occupants of the Club, and took certain sums of money and jewelry. There was testimony that they were also armed with pistols. There were about twenty persons in the Club at the time most of whom were engaged in gambling with cards or dice. The robbers were in the Club from 25 to 40 minutes. When they left,

the State police were notified and given a description of the robbers. They immediately set up road blocks. The appellants were stopped at one of these, in Montgomery County, at about 2:30 A.M. They were riding in a Cadillac automobile registered in the name of Graves and driven by Toland. Graves sat beside Toland, and Boyd and Williams were in the rear seat. The police recovered from under the driver's seat a pillow slip containing $9,503.36 in cash, and two rings and a watch which were later identified as belonging to victims of the robbery. A loaded .32 pistol was found in the car, and a sawed-off shotgun and .38 pistol were found by the roadside, where one of the officers heard something hit the shoulder of the road as the car approached. Following their arrest, the appellants were each identified, by one or more persons in the Club at the time of the robbery, as being the actual robbers.

The first point raised on appeal is that the court erred in granting a change of venue prayed by the State. It appears that the appellants had previously sought the same relief, on the ground that there had been unfavorable publicity in Frederick County. The court at first declined to remove the case, but when a similar request was made by the State, it ordered the removal to Howard County. The appellants can hardly complain that the action they asked the court to take was belatedly taken. The case came to trial in the same term as if their original request had been granted. There is no effort to show that the appellants were prejudiced in any way by the removal to or trial in Howard County, nor is there any showing of an abuse of discretion in the action of the trial court. Cf. *Piracci v. State,* 207 Md. 499, 509.

The appellants contend that the trial court erred in declining to permit the use of certain statements made to the police by State's witnesses, for the purpose of impeaching the testimony of these witnesses on the stand. It appears that the trial court over objection by the State, had allowed defense counsel to see these statements, and other material and reports obtained by the police as a result of their investigation. Perhaps the court went further than required. Cf. *State v. Haas,* 188 Md. 63, 76, and *Whittle v. Munshower,* 221

Md. 258, 261. Moreover, the court had extended the time first fixed for examination of these papers. Defense counsel were furnished copies to examine. However, when the witness Cunningham was on the stand, defense counsel again requested permission to examine the statement given to the police by the witness "so that I may quickly *review* it as to that conflict between what he gave in his statement and testified to in court today, so that we might impeach him *if such conflict took place.*" (Italics supplied.) Upon objection by the State, the request was declined. We find no error in the court's ruling. Defense counsel had had a full opportunity to examine the statement. If he could not then state that any inconsistency existed, the trial court was not obliged to postpone the trial to permit further study. There is nothing in the record to show that any inconsistency existed.

Later, in the examination of the witness Hanshew, defense counsel asked permission to re-examine the statement made to the police by the witness, and to cross-examine on "one or two points which I believe are contradictions." He was asked to specify the points upon which he relied. The statement was handed to and read by the court, and the court pointed out that there were no contradictions. Apparently counsel acquiesced in the court's ruling. There was no further objection. Obviously the court would be justified in imposing some limit upon the number of examinations counsel might make. In any event, since there was no showing of inconsistency in either statement, we think there was no reversible error. We do not reach the question posed by defense counsel, as to whether, if the court had denied the right to cross-examine as to prior inconsistent statements, such denial would violate the defendants' right to due process. Hence we need not consider whether the case of *Jencks v. United States,* 353 U. S. 657 decided anything more than a question of Federal procedure.

We likewise find no abuse of discretion in the action of the court in sustaining the State's exceptions to the demand for a bill of particulars. As the court observed, the demand went far beyond what is required under Maryland Rule 728, and was calculated, not so much to amplify the allegations of the

indictment in each case, but to require complete disclosure by the State of the evidence it relied upon.

The appellants Boyd and Williams contend that the State knowingly permitted the use of perjured testimony by the witness Cunningham, in that the witness "denied that he had discussed the case with anyone", and yet it was brought out by the State's Attorney, that there had been a discussion of the case with other State's witnesses at Cunningham's house a few days before the trial. We find no basis in the record to support the statement that Cunningham denied discussing the case with anyone. In fact, he was cross-examined as to testimony he gave before a magistrate two days after the robbery, and he admitted discussing the case with the State police and giving them a statement. We cannot find that he was ever asked as to whether he discussed the case with the State's Attorney. The witness at one point was asked whether he had been promised immunity of any kind, and denied it. There was no effort to disprove his statement.

These appellants also contend that the court erred in denying a motion for mistrial, on the ground that before the trial began the State's Attorney for Frederick County, in the presence of State's witnesses, pointed out the defendants to the State's Attorney for Howard County. The latter testified that he recalled asking the former to point out the defendants to him, but he did not recall that any State's witnesses were present at the time, or in a position to overhear their conversation. The State's witnesses, recalled to the stand, denied that the defendants were identified by anyone in their presence. There was no testimony to the contrary. Nor was there any effort to show that such an incident, if it occurred, had any effect upon the witnesses who had all previously identified the defendants as participants in the robbery. We find no abuse of discretion in the refusal of the motion.

These appellants further argue that the court should have suppressed the tangible evidence found in the car, on the ground that it was obtained in an illegal search, following an illegal arrest. The facts are strikingly similar to those in the case of *Freedman v. State,* 195 Md. 275. We there held that an arrest at a road block was lawful, where police had rea-

sonable grounds to believe that a felony had been committed, and that the persons stopped were those involved in the felony. The arrest being lawful, the subsequent search was lawful. It was further held that articles presumably thrown out of the car were likewise admissible. See also *Mulcahy v. State*, 221 Md. 413, 421, and cases cited.

All of the appellants, except Graves, contend that the trial court should have granted a severance. We find no abuse of discretion. As the trial court pointed out, the charges grew out of the same occurrence, the parties were arrested together, and to try the cases separately would involve needless duplication. This is not a case where the defenses were hostile, or where confessions had been obtained, which might be inadmissible as to some of the defendants. Cf. *Day v. State*, 196 Md. 384. We find no merit in the contention that because inadequacy of identification was relied on as a defense in each case, the defendants could not receive a fair trial.

All of the defendants except Toland were positively identified by one or more of the victims of the robbery, and the evidence of their arrest in possession of the stolen articles points strongly to their guilt. The mere fact that Toland denied that he entered the Club would not be controlling, even if believed. He admitted that he drove the others to the Spartan Club, and waited outside. Cf. *Judy v. State*, 218 Md. 168, *Tasco v. State*, 223 Md. 503, 509, and *Miller v. State*, 223 Md. 354, 356. See also *Vincent v. State*, 220 Md. 232, 239. He too was found in possession of the stolen goods. We find the evidence was legally sufficient to support all of the convictions. There is no merit in the contention that the State should have been required to prove ownership of the weapons employed in the robbery.

Since only Boyd and Williams are indigent, we will direct that one-half the costs be paid by the other appellants.

> *Judgments affirmed, one-half of the costs to be paid by the appellants Graves and Toland.*