## HARMON *v.* STATE

[No. 157, September Term, 1961.]

*Decided February 22, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Thomas G. Gray,* with whom was *J. Seymour Sureff* on the brief, for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General* and *Saul A. Harris, State's Attorney for Baltimore City* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Charles E. Harmon, was granted a belated appeal from a judgment of the Criminal Court of Baltimore entered after a jury found him guilty under the first count of an indictment charging him with robbery with a deadly weapon of a certain sum of money from an express company office. Appellant was represented by counsel at the trial.

In his first assignment of error by the trial court, appellant contends that he was denied reasonable opportunity to confer with counsel and prepare his defense prior to the trial. His counsel (the same below and here) pointed out in his brief and oral argument in this Court that he had defended appellant on another robbery charge on the day before the trial of the instant case, and that in the preceding week he had ap-

peared for two other defendants in a five-day trial of a related case. Counsel stated that he "vigorously opposed" the proposed trial date for the instant case and requested adequate time to prepare a defense, which was refused by the trial court.

The contention is not sustainable. Counsel conceded that he was appointed to represent appellant on a date which was 46 days before trial of the instant case. Even after allowance for the six days of trial work which intervened and the other normal preoccupations of a busy law practice, the period of time available was manifestly adequate for preparation of appellant's defense on the various charges, in absence of a showing of extraordinary circumstances necessitating delay. For a few of the cases holding considerably shorter intervals adequate, see *Pressley v. State,* 220 Md. 558, 155 A. 2d 494 (1959); *Cullings v. State,* 205 Md. 22, 106 A. 2d 69 (1954); *Avery v. Alabama,* 308 U. S. 444 (1940). Under the circumstances, we find no abuse of discretion in the trial court's refusal to postpone or continue the case. *Taylor v. State,* 226 Md. 561, 174 A. 2d 573 (1961). Moreover, the record fails to show that appellant made any motion for a postponement or a continuance, or entered any objection to the trial court's refusal to postpone or continue, and such defense is therefore not available on appeal. *Neusbaum v. State,* 156 Md. 149, 143 Atl. 872 (1928).

Appellant next argues that he was denied an impartial jury panel, his complaint being that the trial court's examination of the prospective jurors on their *voir dire* was not sufficiently comprehensive and that there was a complete failure to examine certain additional talesmen who were later brought in, concerning newspaper publicity alleged to have been prejudicial to appellant's cause. The one question that was propounded to the original panel of prospective jurors by the trial court was "Have any one of you read anything in the newspapers about this particular case?" The question was apparently not repeated to successive panels which were examined in the effort to obtain a satisfactory jury.

Scrutiny of the record reveals gaps which are fatal to the contention here made. There is, in the first place, nothing to indicate that appellant sought a more comprehensive *voir dire*

examination or that he objected to the examination as made by the trial court. Likewise, the record is barren of objection by appellant to the trial court's failure to repeat the question concerning newspaper publicity to the additional talesmen brought in. In the absence of a request for a more extensive *voir dire* examination, and in the absence of an objection to the trial court's failure to repeat to later prospective jurors the question that was asked of the original panel, this Court is not at liberty to consider alleged errors raised for the first time on appeal. If the appellant felt the question propounded did not adequately cover the matter of freedom from prejudice, he should have submitted other questions, *Gray v. State,* 224 Md. 308, 167 A. 2d 865 (1961), and requested the trial court to examine the veniremen more comprehensively. Cf. *Presley v. State,* 224 Md. 550, 168 A. 2d 510 (1961).

Appellant further maintains that he was prejudiced by a newspaper article written as the result of his acquittal in the case tried the day before the trial of the instant case. The article recounted certain upbraiding remarks made by the trial judge to the jury which had acquitted the appellant in that case. The newspaper article was not offered in evidence in the trial court and hence it is not properly before us for review. Maryland Rule 885. Cf. *Gray v. State, supra; Grammer v. State,* 203 Md. 200, 100 A. 2d 257 (1953). We will not reverse a judgment of conviction on evidence outside the record. *Hayette v. State,* 199 Md. 140, 85 A. 2d 790 (1952).

As indicated in our discussion of appellant's second contention, the trial court did ask the first panel of prospective jurors whether they had read anything in the newspapers about the case. One juror indicated that he had seen the article in question but when asked whether he had formed an opinion from what he had read, replied "I didn't even read much about it." The trial judge held the juror to be qualified, with no objection by appellant, and we find no error in this ruling. Cf. *Garlitz v. State,* 71 Md. 293, 18 Atl. 39 (1889). In any event, appellant admitted at oral argument that he later challenged this juror. Hence, even if the article was prejudicial, which we do not find, there was no showing by appellant that any of the jurors empanelled in the case had

sat in the prior case on the previous day or heard the judge's remarks, or had been influenced by the article in question, or, in fact, had even seen it. Cf. *Presley v. State, supra* (224 Md. 550).

The appellant's final contention, challenging the sufficiency of the evidence to convict, is marked by a flaw frequently noted in criminal cases, that is, appellant's failure to request a directed verdict of acquittal at some stage of the trial. In the absence of such a motion below, it is well established that there can be no review of the sufficiency of the evidence in a criminal case tried before a jury. *Humphreys v. State,* 227 Md. 115, 175 A. 2d 777 (1961).

Appellant's counsel at oral argument sought to excuse the failure of the record to contain the necessary motions alluded to in this opinion by explaining that certain requests or objections had been made to the trial judge in off the record discussions at the Bench. We may point out that under some circumstances, at least, the record may be supplemented as to what actually occurred by application to the trial judge, Maryland Rule 826 e, or by application to this Court for an order to correct the record, Rule 827 b. See *Jefferson v. State,* 218 Md. 397, 147 A. 2d 204 (1958). Cf. *Cullings v. State, supra,* 205 Md. 22, 106 A. 2d 69 (1954). No such application appears to have been made in this case.

Having found no error below, we will affirm.

*Judgment affirmed.*