LEWIS, ETC. *v.* STATE

[No. 283, September Term, 1961.]

*Decided May 15, 1962.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Calvin R. Sanders,* with whom were *Dunphy & Sanders* on the brief, for appellant.

*Harrison M. Robertson, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy* and *Harper M. Smith, State's Attorney* and *Assistant State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

602

SYBERT, J., delivered the opinion of the Court.

The appellant, Howard R. Lewis, also known as Stephen J. Kelley, was granted a delayed appeal from a conviction by a jury in the Circuit Court for Montgomery County under the first count of an indictment charging him with robbery with a dangerous weapon of a certain sum of money from a dry cleaning plant. He was represented by counsel at the trial.

The record shows that at approximately 6:30 P. M. on February 18, 1959, the dry cleaning plant was robbed by a Negro with a heavy mustache and wearing a long white coat and a hat, who was later identified in a police line-up as appellant by one of the two clerks in the plant. He had entered and handed a note to one of the clerks, Mrs. Young, which stated: "Read carefully, because your life depends on it. Put all money in bag. Make one foolish mistake I will kill you. I need dough." Mrs. Young emptied the money, checks and other papers from the cash register into a canvas bank deposit bag and instructed the other clerk to put the money she had in the same bag. The robber then took the bag and fled the scene. During the whole time, which was about two minutes, he kept his left hand in his pocket, according to Mrs. Young's testimony.

At approximately 7:30 P. M. on the same day a white butcher coat was found by the police on a garbage can in close proximity to the plant and an intensive search was made in the vicinity. The appellant was discovered lying at the bottom of a stairwell behind a gun shop about a block from the dry cleaning plant, apparently suffering from the effects of drug addiction. In addition to recovering the canvas bag and the money and papers stolen, the arresting officers found that the appellant was lying on a .32 caliber revolver which was wrapped in brown paper. The note which the robber had used to threaten the clerk was found inside a glove in appellant's topcoat. After being taken into custody, appellant denied any knowledge of the robbery. At the trial the revolver, among other exhibits, was entered into evidence without objection.

## I

Appellant argues that the State failed to introduce sufficient evidence to prove that a dangerous or deadly weapon was used in the robbery, because no weapon was ever shown or mentioned by the appellant during the robbery, nor was there testimony by any witness indicating the presence of a dangerous weapon. We find no merit in this contention. The threat to kill contained in the note, the fact that appellant kept his left hand in his pocket during the robbery to indicate his ability to implement the threat, and his apprehension a block away from the plant, where he was found to be lying on a pistol, and in possession of the fruits of the crime, constituted sufficient evidence to support a rational inference that he did in fact have a deadly weapon in his pocket during the offense. Cf. *Martin v. State,* 227 Md. 407, 177 A. 2d 247 (1962); *Barefoot v. State,* 222 Md. 67, 158 A. 2d 649 (1960); *Vincent v. State,* 220 Md. 232, 151 A. 2d 898 (1959). Evidence that the weapon was in his possession at the time of arrest was no less substantial than that found sufficient in *Weddle v. State,* 228 Md. 98, 179 A. 2d 882 (1962). Thus there was proper evidence before the jury to sustain the conviction of appellant for armed robbery. *Daniels v. State,* 213 Md. 90, 108, 131 A. 2d 267 (1957).

## II

At the conclusion of the trial, and before the jury retired for deliberation, the appellant himself out of the presence of the jury requested that the trial be postponed because he felt there had been insufficient time to consult with his court-appointed counsel. He now alleges error in the court's failure to grant a postponement.

We find no abuse of discretion in the court's refusal. The record shows that counsel was appointed at least a week before the trial and conferred with appellant on two separate occasions. By appellant's own admission and in the trial court's stated opinion, appellant had been well represented and his rights fully protected. In the absence of compelling circumstances, not shown here, a postponement was not justified or required in this case, *Harmon v. State,* 227 Md. 602,

177 A. 2d 902 (1962), and cases there cited, particularly when the evidence was concluded and the jury about to retire. Moreover, no objection was made to the refusal of the trial court to postpone or continue and such defense is therefore not available on appeal. *Harmon v. State, supra; Neusbaum v. State,* 156 Md. 149, 143 Atl. 872 (1928).

### III

The appellant maintains finally that he was never effectively sentenced by the trial court. Following the return of the guilty verdict by the jury, the court stated, with respect to the matter of sentence:

"I believe that you might be a proper subject for the Patuxent Institute. I will find out whether they have the maximum means of security over there. I have a little doubt of that in my mind. If I don't find that they have the maximum security over there, it will be the sentence of this Court that you be confined in the Maryland Penitentiary for a period of fifteen years."

No further action by the court in regard to sentence appears in the record. While the term mentioned was within the statutory limit for robbery with a dangerous weapon, Art. 27, § 488, Code (1957), it was, nevertheless, rendered conditional and uncertain by the trial court's statement. Thus while the conviction was proper, we must remand the case for the sole purpose of the imposition of a proper judgment and sentence. Cf. *Hurwitz v. State,* 200 Md. 578, 92 A. 2d 575 (1952).

*Case remanded for imposition of proper judgment and sentence.*