# JEFFERSON v. STATE

[No. 64, September Term, 1958.]

*Decided December 22, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard S. Freedman,* with whom was *Stanley J. Shapiro* on the brief, for appellant.

*E. Clinton Bamberger, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *C. Osborne Duvall, State's Attorney for Anne Arundel County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The parents of a 14 year old boy complained to the police that the appellant, a school teacher 24 years of age, had committed an act of perversion with their child. The appellant was interrogated by and gave a statement to the police, in which he denied the offense. Thereafter, Sergeant Smith, of the Juvenile Unit of the Anne Arundel County Police Department, filed a petition in the Circuit Court for Anne Arundel County, sitting as a Juvenile Court, charging the appellant with the commission of certain wilful acts "contributing to, encouraging and tending to cause the conditions which brought said child within the jurisdiction of this court, that is to say: that he contributed to the delinquency of a minor," naming him, and praying the court to assume jurisdiction. Summons was issued for the accused and the boy in question. The matter came on for hearing before Judge Michaelson on January 9, 1958, the State being represented by the State's Attorney and the accused by counsel of his own selection. At the conclusion of the hearing the trial court passed an order placing the accused in the custody of Spring Grove State Hospital "for psychological and psychiatric evaluation prior to passing sentence." This order was rescinded on March 6, 1958, and on the same date the court passed an order sentencing the appellant to the House of Correction for two years from the date of trial, and further ordering "that the said Louis A. Jefferson be transferred to Patuxent Institution for examination, treatment and a report, subject to the further order of this Court in the premises." The appeal is from that sentence and order, under Code (1957), Art. 26, sec. 65. A recognizance bond was filed.

The case presents some unusual features. The appeal was entered by new counsel for the accused, who filed a petition in the lower court for extension of the time for transmitting the record to this Court, which was granted, alleging that no stenographic transcript of the trial had been made, and that the appellant and the State were attempting to prepare an agreed statement of facts. In due course, such a statement was prepared, and signed by the presiding judge, the State's Attorney, the appellant and his new counsel. This included a summary, in narrative form, of the testimony of the prosecuting witness, the testimony of another boy, 16 years of age, the father of the second boy, and Sergeant Smith, as well as the testimony of the appellant, and testimony of the father of the prosecuting witness in rebuttal. The statement does not disclose that any objections were made by the appellant's counsel at any point in the trial. A copy of the statement made by the accused to the police was offered in evidence through the witness, Sergeant Smith. The agreed statement of facts was forwarded to this Court, together with copies of the docket entries and other papers filed in the case. Thereafter, the Attorney General obtained, and forwarded to this Court, a statement signed by Judge Michaelson, in which he certified that he was the presiding judge when the appellant "was found guilty of contributing to the delinquency of a minor." He further certified that the testimony of that hearing was not recorded, that neither the defendant nor his counsel requested that the testimony be recorded, and that no objections or motions were made in the course of the hearing, by either the appellant or his then counsel.

The State filed a motion to dismiss the appeal, which was argued when the case was reached for hearing on the merits in this Court. We reserved a ruling on the motion at that time. The motion is based on the contention that in the absence of a transcript, particularly where such absence is due to the election of the appellant to dispense with one, this Court has no jurisdiction to entertain the appeal. It is pointed out that under Rule 826 b of the Maryland Rules, an appeal to this Court "shall be heard on the original papers. The term 'original papers' includes exhibits and the tran-

script of the testimony." But Rule 826 c 2 provides: "Instead of serving and filing a transcript of the testimony, the parties by written stipulation filed with the clerk of the lower court may, or upon order of the lower court shall file with the clerk of the lower court for inclusion in the record only such part of the transcript as the parties or the lower court may deem necessary for the appeal." Rule 826 e provides that approval of the lower court is not ordinarly required, "except as provided in sections c 2 or g of this Rule," but if any difference arises as to whether the record truly discloses what occurred in the lower court "the difference shall be submitted to and settled by the lower court and the record made to conform to the truth." Cf. *Merchant v. State*, 217 Md. 61, 64. Section g of the Rule provides that, under some circumstances at least, "the parties with the approval of the lower court may prepare and sign a statement of the case showing how the questions arose and were decided, and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by this Court." Such statement shall supersede, "for the purposes of the appeal, all parts of the record other than the judgment from which the appeal is taken and any opinion of the lower court, * * *." See also Rule 828 g, dealing with an agreed "statement of undisputed facts", and authorizing summarization of disputed testimony, by stipulation, in the printed record extract.

In the light of the Rules cited, we think it is clear that, when agreed to by the parties and approved by the lower court, the original transcript may be dispensed with. Nor do we find anything in Rule 835 that would require a dismissal of an appeal under the circumstances. We may assume that if no substituted record had been procured, there would have been nothing for us to review, and the appeal would have had to be dismissed. The election of the accused to proceed without a stenographer might, in that situation, have been equivalent to a waiver of his right to a review of the evidence on appeal. See *Banks v. State*, 203 Md. 488. The same rule was applied in *Newark Trust Co. v. Trimble*, 215 Md. 502, 506, where it was noted that there had been no

attempt by the appellant to obtain an equivalent of the transcript, a problem which was rendered more difficult in that case by the retirement of the trial judge almost immediately after the hearing. There was a strong intimation that a review might have been in order upon a substituted record approved by the trial court. The fact that the appellant in the instant case made no effort to obtain a stenographer did not bar him from obtaining a substitute by agreement of the State and the trial judge. The motion to dismiss is denied.

It is clear that the Circuit Court, sitting as a Juvenile Court, had jurisdiction to try "any parent, guardian or any person over the age of 18 years for any wilful act or omission contributing to, encouraging or tending to cause any condition bringing a child within the jurisdiction of the court." Code (1957), Art. 26, sec. 53. Under sec. 55, an adult found guilty under sec. 53 may be punished by fine or imprisonment not exceeding two years, or both. The court may impose sentence, or suspend sentence and by order impose duties during a period of probation, and try the case without a jury unless a jury trial is elected. Or the judge may waive jurisdiction so that such adult may be "otherwise dealt with according to law." The accused may, however, demand trial according to the usual criminal procedure, and in such case, the judge must waive jurisdiction. There is nothing in the record to show that the accused demanded trial according to the usual criminal procedure. If he had been indicted for perverted practice under Code (1957), Art. 27, sec. 554, he might have been sentenced to a maximum of ten years, upon conviction. The record shows that he was represented by counsel, and went to trial and took the stand on the charge of contributing to delinquency, without objection. Cf. *Cullings v. State*, 205 Md. 22, 24.

It is true that the docket entries do not show arraignment, plea, waiver of jury trial, or verdict by the court, although the sentence is shown, and the certification of the trial judge clearly imports that there was a finding of guilt. The court's jurisdiction over the subject matter and the person are clear, and we think the clerk's failure to make the appropriate

entries is not fatal, particularly where, as here, the point is not urged in the brief of the appellant filed in this Court, and in fact, the brief conccdes that "'The appellant pleaded not guilty and was tried * * * [and] found guilty of the charge." Hence we do not reach the question whether a finding of guilt is implicit in a sentence. See note 69 A. L. R. 792. Cf. *Glickman v. State*, 190 Md. 516, 526. Obviously, the docket entries should be corrected, under the direction of the court. *Heath v. State*, 198 Md. 455, 460; *Weighorst v. State*, 7 Md. 442, 450.

The appellant's chief contention is that the prosecuting witness was an accomplice, and that there was legally insufficient testimony to corroborate his testimony. We think there was corroboration of many of the circumstances testified to by the prosecuting witness, although not as to the perverted act itself. But in any event, we think there was evidence that would support a finding that the prosecuting witness was not an accomplice, even if we assume, without deciding, that the rule requiring corroboration applies to a charge of this character. Cf. *Taylor v. State*, 214 Md. 156, 160. Under the circumstances of the instant case, we think the prosecuting witness might fairly be regarded as a victim rather than a voluntary participant. *Taylor v. State, supra; Gregoire v. State*, 211 Md. 514; *Lusby v. State*, 217 Md. 191; *Saldiveri v. State*, 217 Md. 412. We cannot find that the verdict was clearly erroneous under Rule 886.

The appellant further contends that the court erred in admitting the testimony of the second boy as to a perverted act performed upon him by the accused on a previous occasion. The short answer is that the testimony came in without objection, and the question is not properly before us.

The final point urged by the appellant is that the court exceeded its authority in adding to the sentence the order transferring the appellant to the Patuxent Institution for examination, treatment and a report. The State concedes that the judgment of the Juvenile Court, upon a finding that the appellant had contributed to the delinquency of a minor, would not authorize the institution of proceedings to declare

him to be a defective delinquent, under Code (1957), Art. 31B, secs. 6 (a), and 14. But the State contends that since under Code (1957), Art. 26, sec. 63, the Juvenile Court has authority to order the examination of any person within its jurisdiction "by a physician, psychiatrist or psychologist as designated by him," this authority would permit the utilization of the facilities of the Patuxent Institution, which is staffed by medical experts. Moreover, the State argues that under Code (1957), Art. 31B, sec. 4 (c), the Board of Correction could have transferred the appellant from the House of Correction to Patuxent Institution. We do not reach this last question, although it may be doubted whether that section has any application to persons who do not fall within any of the categories mentioned in sec. 6 (a), and could not therefore be examined for possible defective delinquency. Sec. 14 of Art. 31B provides: "Nothing in this article shall be construed to extend to or affect any case in a juvenile court * * *, or any person involved in such case, unless the juvenile court judge shall have waived jurisdiction in the case so that it may be heard and adjudicated in a regular criminal court." An adjudication of contributing to delinquency is not in terms or by necessary implication an adjudication of guilt of a sex crime involving disparity of age between an adult and a minor, under sec. 6 (a) (4), and sec. 14 would seem to forbid such a construction. Patuxent Institution was set up to deal with the problem of defective delinquency as defined in sec. 5, and not as a mere diagnostic facility to aid the courts or other State institutions, or as a place for the treatment of persons exhibiting a propensity towards the activities mentioned in sec. 6, but who do not meet the prerequisites of the statute. Its history was discussed in *Eggleston v. State*, 209 Md. 504, 514. We find nothing in the Article that would authorize a Juvenile Court to utilize it in cases where there is no statutory basis for an adjudication of defective delinquency, either before or after sentence. We think the court erred in passing the additional order in question, and we will remand the case so that it be deleted and the sentence to the House of Correction carried out, or that the court may pass such other or further order,

under Code (1957), Art. 26, sec. 55, as may be deemed to be for the best interest of the appellant.  Rule 871 b.

> *Judgment reversed and case remanded, costs to be paid by the county commissioners of Anne Arundel County.*