## McKENZIE *v.* STATE

[No. 34, September Term, 1964.]

*Decided November 23, 1964.*

The cause was argued before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*John J. Mitchell* for appellant.

*John W. Sause, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Arthur A. Marshall, Jr.* and *Edward P. Camus, State's Attorney* and *Assistant State's Attorney,* respectively, *for Prince George's County,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

This is an appeal from two judgments entered by the Circuit

Court for Prince George's County on a jury's verdict finding the appellant guilty of committing two acts of unnatural and perverted sexual practice as charged under two indictments. The appellant was sentenced to two concurrent six year terms.

Under indictment No. 4854 the State introduced evidence to show that on February 21, 1963, four teen-agers, Robert Fox, William Burgess, Salvatore Lagana and Ronald Brown, were playing cards at the home of the appellant, Lawrence Harper McKenzie. Three of the boys, apparently as a joke, removed the trousers of Robert Fox. Soon thereafter McKenzie committed a perverted sexual practice on the body of Fox. Under indictment No. 4855 the State introduced evidence to show that William Burgess spent the night with McKenzie at the latter's home on September 29, 1963, and that McKenzie committed a perverted sexual practice on Burgess. At the consolidated trial under the two indictments, McKenzie did not testify and did not call any witnesses on his own behalf.

McKenzies' first contention is that the trial court improperly denied his request for a continuance. On the date set for trial, January 7, 1964, he did not appear and a bench warrant was issued. When he came into court two hours later his attorney moved for a continuance on the ground that the defendant had not been informed of the date of trial and was therefore unprepared to present a defense. The record shows that on November 27, 1963, the court advised the defendant of his right to counsel and that at his arraignment on December 4, 1963, counsel employed by the defendant entered his appearance and the defendant was informed that his trial was set for January 15, 1964. On December 27, 1963, the State's Attorney's office apprised defense counsel that the trial date had been changed to January 7, 1964. Defense counsel sent a letter to McKenzie on January 2 informing him of the change. On January 3 the State's Attorney's office phoned the defendant's bondsman and notified him of the revised date.

At the hearing on the motion for a continuance, on January 7, the bondsman testified that in a telephone conversation about a week previously he had informed McKenzie of the change in trial date, and that on January 3 he sent him a postal card to the same effect. McKenzie then testified that he had received

no notice of the rescheduling of his trial. He stated that none of the written notices reached him, but admitted that he had received other mail. Although he agreed that he had talked with the bondsman on the phone he denied that the latter told him of the change of date.

Counsel for the defendant then made another motion for continuance, adding the ground that he had not had sufficient opportunity to consult with his client. The court denied the motions but recessed for an hour to allow counsel and client to confer. When court reconvened defense counsel made a further motion for continuance, stating that during the recess the defendant had given him information which led him to believe that there were "certain witnesses" who should be summoned "to testify in behalf of the defendant". This motion also was denied, and the trial followed.

We have held repeatedly that the denial of a request for a continuance is within the sound discretion of the trial court. We conclude that under the circumstances there was no abuse of this discretion. The trial court was entitled to disbelieve the appellant's testimony as to non-receipt of notice, particularly in view of the strong evidence to the contrary. As to the claim that he needed time to summon witnesses, even if we disregard the month which had elapsed after arraignment we find no basis for continuance since he did not make any proffer regarding the materiality of their testimony, their names or their availability. See *Mazer v. State,* 231 Md. 40, 46, 188 A. 2d 552 (1963); *Stansbury v. State,* 218 Md. 255, 262, 146 A. 2d 17 (1958); *Jackson v. State,* 214 Md. 454, 459, 135 A. 2d 638 (1957). As to the contention that appellant did not have sufficient opportunity to consult with his attorney, it is obvious that the facts are otherwise, since he had counsel for more than a month before trial and was granted an hour during trial for conference. *Lewis v. State,* 228 Md. 600, 603, 180 A. 2d 839 (1962); *Harmon v. State,* 227 Md. 602, 604, 177 A. 2d 902 (1962) and cases cited.

The appellant maintains next that the trial court denied him equal protection and due process when it refused to order the State to produce written statements of the two complaining witnesses, Fox and Burgess. Defense counsel made such a motion

at the beginning of the case, but the State's Attorney denied knowledge of any such written statements. The court then denied the defendant's motion. Later, both Fox and Burgess testified that they had made statements to the police which were reduced to writing, but neither said that the statements had been signed by them. Thereupon counsel renewed his motion for the production of the written statements; again the State's Attorney denied any knowledge of such statements, and the court denied the motion. Defense counsel did not state any specific reasons for his request to see the written statements nor did he make any proffer as to what they would show. However, the transcript indicates that the basic purpose was to determine, for impeachment purposes, whether there were any inconsistencies between the statements and the testimony. The only attempt by counsel to show inconsistency occurred when he elicited from Fox the information that in his statement to the police he did not specify the part of his body upon which the perverted practice was done, while in his testimony the witness did so. But we think this falls short of showing any real inconsistency. The appellant renewed the motion after the close of all testimony and it was denied again.

To support his request for the statements the appellant relies on *Jencks v. United States,* 353 U. S. 657 (1957), but the Supreme Court has stated that that decision was applicable only to federal criminal prosecutions, *Palermo v. United States,* 360 U. S. 343, 345 (1959). The appellant admits in his brief that his request was beyond the scope of Maryland Rule 728 dealing with discovery in criminal cases. We have stated consistently that a request for the production of documents or statements in the possession or control of the State is within the sound discretion of the trial court. *Williams v. State,* 226 Md. 614, 174 A. 2d 719, cert. den. 369 U. S. 855 (1961) ; *Glaros v. State,* 223 Md. 272, 164 A. 2d 461 (1960) ; *Whittle v. Munshower,* 221 Md. 258, 155 A. 2d 670, cert. den. 362 U. S. 981 (1959), and see case note, 20 Md. L. Rev. 292; *State v. Haas,* 188 Md. 63, 51 A. 2d 647 (1947). Here, the defense failed to state adequate reasons for the request or to state what it was hoped the statements would show if produced. It would seem that the request was nothing more than a "fishing expedition".

Moreover, it is not entirely clear that the statements in fact existed at the time of trial, and, even if their existence be assumed, who had possession of them. The State's Attorney throughout the trial denied any knowledge of such statements. Upon the facts before us we do not believe the trial court abused its discretion.

The appellant also contends that the trial court erred in not entering a judgment of acquittal at the conclusion of the evidence and that the jury's verdict was contrary to the evidence. As to the case under indictment No. 4854, where Robert Fox was the complaining witness, the appellant maintains that Fox was a participant in the crime alleged and not a victim, that the testimony of the three other State's witnesses was inconsistent and thus did not corroborate Fox's testimony, and that none of them was a credible witness. But even if the record could be interpreted as showing that Fox was not a victim but was an accomplice, we believe his testimony was sufficiently corroborated. All three witnesses, Burgess, Brown and Lagana, testified as to the circumstances surrounding the crime. Although their testimony may have been inconsistent as to some details, this was not sufficient reason for not submitting the case to the jury. The character of the witnesses and the possible basis for perjury by some or all of them in order to obtain the release of Burgess from a juvenile institution were fully presented to the jury. Such matters go to the weight of the evidence and the credibility of the witnesses and these are matters for determination by the jury. *McDowell v. State,* 231 Md. 205, 189 A. 2d 611 (1963) ; *Mazer v. State,* 212 Md. 60, 67, 127 A. 2d 630 (1956). Further, without reciting the details, we believe there was sufficient evidence to support the jury's verdict.

As to the case under indictment No. 4855, involving Burgess, the appellant likewise urges that Burgess was a participant in the crime charged and that his testimony was not corroborated, pointing out that under Code (1957), Art. 27, sec. 554, either party to a perverted sexual practice may be prosecuted. But even if we assume, without deciding, that Burgess was an accomplice, we think his testimony was sufficiently corroborated. Burgess, who was 14 years of age at the time of the occurrence,

testified that he and Darryl Gray had gone to the appellant's home at 3 A.M. on September 29, 1963, after leaving a party where he had done some drinking; that the appellant was the only person there; that Gray had not entered the house, but had departed; and that sometime later the appellant had performed oral sodomy upon him. Gray, called as a State's witness, testified that he had accompanied Burgess from the party to the appellant's house early on the morning in question; that Burgess had entered the house after being admitted by the appellant; and that he himself had then gone home. In addition, the jury had before it evidence that Burgess had been aware previously of the appellant's perverted tendencies, he having testified as to the occurrence on February 21, 1963, involving Fox. We have said many times that not much in the way of corroboration of an accomplice's testimony is required, *McDowell v. State, supra; Wright v. State,* 219 Md. 643, 150 A. 2d 733, cert. den. 361 U. S. 851 (1959), and therefore we think that the facts mentioned afford sufficient support for Burgess' story of the episode on September 29, 1963.

The appellant contends finally that he was prejudiced by certain remarks made to the jury by the State's Attorney in his rebuttal argument. The State's Attorney mentioned this Court's decision in *Gregoire v. State,* 211 Md. 514, 128 A. 2d 243 (1957), stating that in that case this Court had ruled that under sec. 554 of Art. 27, 13 and 14 year old youths are victims, not participants. The defendant objected on the ground that such a remark without explanation of the facts of that case was prejudicial. However, the only prejudice that might result from such a statement under other circumstances would be that the jury might believe that the complaining witnesses could not be accomplices and thus the jury might rely on their testimony alone as victims. But here, as we have said, there was sufficient corroboration of Fox's and Burgess' testimony, and thus even if they were accomplices and not victims, no prejudice resulted.

*Judgments affirmed.*