**Charles Ray HILL, Appellant,**

v.

**S. H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8629.**

United States Court of Appeals
Tenth Circuit.

May 12, 1966.

Roy Cook, Kansas City, Kan., for appellant.

Park McGee, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

This is an appeal by a state prisoner from a denial of his petition for habeas corpus. The sole question presented is whether the rule announced in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, is applicable to trials held under state procedure.

Appellant was tried, convicted and sentenced in the District Court of Riley County, Kansas, for the crime of rob-

bery in the first degree. At the trial and during the cross-examination of a prosecution witness, defense counsel requested that the prosecution be directed to produce for inspection by the defense a report of an agent of the Kansas Bureau of Investigation. The trial court denied the request.

Appellant appealed his state court conviction to the Kansas Supreme Court and in that appeal, the precise question raised here was presented. The Kansas Court in a four-three decision refrained from making the Jencks rule applicable to Kansas procedure [1] and affirmed the case.

It would certainly be improper for this court to set out procedural requirements for any state court system unless the necessity for such procedures is rooted in the Constitution of the United States.

The landmark case of Jencks v. United States, supra, enunciated a rule of procedure to be followed in the trial of criminal cases in the Federal trial courts concerning the production of statements, writings and documents in the possession of the government. A careful reading of the opinion discloses nothing more. In Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287, the Court in commenting upon its decision in the Jencks case said, "Exercising our power, in the absence of statutory provision, to prescribe procedures for the administration of justice in the federal courts, this Court * * * in Jencks v. United States, 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed.2d 1103], decided that the defense in a federal criminal prosecution was entitled, under certain circumstances, to obtain, for impeachment purposes, statements which had been made to government agents by government witnesses." [2] The opinion in the Jencks case does not disclose that it was bottomed upon any Constitutional right, which would make it applicable to the court systems of the various states. A cursory review of appellate opinions by state courts since the Jencks case indicates that an overwhelming majority, in substance, have held that the Jencks case is not binding on the states.[3] The few cases in the federal appellate courts where the question has been raised all conclude that the Jencks case did not rise to Constitutional proportions.[4]

We must conclude that the trial court correctly held that the petition did not raise any federal Constitutional question and that the order of dismissal was proper.

Affirmed.

1. State v. Hill, 193 Kan. 512, 394 P.2d 106.

2. Speaking for a minority of the Court in a separate opinion in the same case Mr. Justice Brennan said, "It is true that our holding in Jencks was not put on constitutional grounds, for it did not have to be; but it would be idle to say that the commands of the Constitution were not close to the surface of the decision; indeed, the Congress recognized its constitutional overtones in the debates on the statute."

3. Mabry v. State, 40 Ala.App. 129, 110 So. 2d 250; Williams v. State of Maryland, 226 Md. 614, 174 A.2d 719; State v. Kelly, 249 Iowa 1219, 91 N.W.2d 562; Erving v. State, 174 Neb. 90, 116 N.W.2d 7; Anderson v. State, 239 Ind. 372, 156 N.E.2d 384; People v. Wolff, 19 Ill.2d 318, 167 N.E.2d 197; State v. Gilliam, Mo., 351 S.W.2d 723; State v. Hunt, 25 N.J. 514, 138 A.2d 1; State v. LaVallee, 122 Vt. 75, 163 A.2d 856; State v. Morgan, 67 N.M. 287, 354 P.2d 1002; Gaskin v. State of Texas, 172 Tex.Cr.R. 7, 353 S.W.2d 467; State v. Shouse, Fla. App., 177 So.2d 724; State v. Cocheo, 24 Conn.Sup. 377, 1 Conn.Cir. 610, 190 A. 2d 916; State v. Hill, Kan., supra; and State v. Robinson, 61 Wash.2d 107, 377 P.2d 248. Compare State v. Thompson, 11 Terry 456, 134 A.2d 266, and the majority opinion in Commonwealth v. Smith, 417 Pa. 321, 208 A.2d 219, which tends to interpret Jencks as involving Constitutional principles.

4. United States v. Spangelet, 2d Cir., 258 F.2d 338; United States v. De Lucia, 7th Cir., 262 F.2d 610, cert. denied, 359 U.S. 1000, 79 S.Ct. 1136, 3 L.Ed.2d 1029; Riser v. Teets, 9th Cir., 253 F.2d 844.